THE PRESIDENT, DIRECTORS & COMPANY OF THE WAREHAM BANK *vs.* MINOR S. LINCOLN.

The payee of a note not negotiable who writes his name upon the back of it without consideration, and delivers it to a third person to be used in a particular manner, takes upon himself the risk of its being used in a different manner; and is liable to pay it to any *bona fide* holder into whose hands it may come.

CONTRACT upon a promissory note for $2500, dated April 1, 1856, signed by E. W. Leonard, payable two years after date to the defendant, on the back of which the defendant had written his name.

At the trial in this court, before *Hoar*, J., a trial by jury was waived; and it appeared that the firm of Lincoln & Bolles, composed of James F. Lincoln and F. A. Bolles, applied to the plaintiffs for a loan, which the plaintiffs agreed to make to them if they would procure the liability of the defendant therefor, and Lincoln & Bolles then applied to the defendant to assist

them in procuring the loan, and he, being the owner of the note in suit, wrote his name on the back and delivered it to James F. Lincoln, who took it to the plaintiffs and offered it for discount. The plaintiffs declined to discount it, but consented to accept it as collateral security for a note of Lincoln & Bolles, for $2500, at four months, with an agreement to renew the same at its maturity, and this was done, and the renewed note was not paid at maturity, and the note in suit was not paid at its maturity and the defendant was duly notified of the non-payment.

The defendant was called as a witness and testified that he wrote his name upon the note in suit and delivered it, without receiving any consideration therefor, to James F. Lincoln, who informed him that it was to be used as collateral security for a note of Lincoln & Bolles at four months, and subsequently gave to him a written receipt therefor to the same effect; and that he had no knowledge of the non-payment or renewal thereof, and never assented thereto. It was not, however, contended by the defendant that the plaintiffs had any knowledge of this state ment to him by James F. Lincoln.

The judge ruled that the testimony of the defendant was immaterial, and reported the case to the full court for determination whether upon these facts the action can be sustained.

*J. A. Loring*, for the plaintiffs.

*A. H. Fiske*, for the defendant.

CHAPMAN, J. The case of *Sweetser* v. *French*, 13 Met. 262, and 2 Cush. 310, decides this case. The plaintiffs were authorized by the defendant's indorsement of the note in blank to write over it a promise to pay the contents of the note to them; and if he did, as he testified, authorize James F. Lincoln to use the note only in a particular way, he took the risk of its being used in a different way, the plaintiffs being *bona fide* holders, and having no notice of the verbal restriction. The testimony of the defendant, and also that of James F. Lincoln, as to the verbal authority, was immaterial.

*Judgment for the plaintiffs.*