IDA WEINER *vs.* EGLESTON AMUSEMENT COMPANY.

Suffolk.   November 13, 1935. — December 31, 1935.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & QUA, JJ.

*Practice, Civil,* Requests, rulings and instructions.   *Evidence,* Presumptions and burden of proof.

In an action for negligence in which a judge sitting without a jury found for the defendant upon oral evidence, no error appeared in the refusal of the plaintiff's requests for rulings based on facts which the judge stated he did not find, or a request based on only part of the facts which could have been found on the evidence material to the issue involved in the request, or a requested ruling that the plaintiff was entitled to recover because on all the evidence the defendant was negligent and the plaintiff was in the exercise of due care.

TORT.   Writ in the Municipal Court of the West Roxbury District of the City of Boston dated December 26, 1933.

In the District Court, the action was heard by *Ruggles,* J., who found for the defendant.   The plaintiff appealed from an order by the Appellate Division for the Southern District dismissing a report.

*A. Zimmerman & S. Zimmerman,* for the plaintiff, submitted a brief.

*S. W. Elton (G. B. Rowell* with him,) for the defendant.

CROSBY, J.   This is an action of tort to recover compensation for personal injuries sustained by the plaintiff while a patron in a moving picture theatre, operated by and in the control of the defendant.

There was evidence tending to show that the plaintiff shortly after two o'clock in the afternoon went to the theatre, where she met her nephew, who was eleven years old; that

he purchased the tickets, and they entered the theatre and went up stairs to the balcony; that when they reached the head of the stairs they were met by an usher in the employ of the defendant, to whom the plaintiff said, "Two, please"; that at this time a picture was being shown, and the theatre was darkened as is customary during a performance; that the usher carried a flashlight, and the plaintiff and her nephew started down the stairs after him, the usher throwing the light in front of them; "that while walking down the stairs the usher suddenly turned his flashlight from the path of the plaintiff, and she fell . . . sustaining bodily injuries; that she was following the usher and had walked down some steps before she fell; that she was walking down the steps when the usher suddenly extinguished or turned the light away, leaving her path very dark and she fell." The usher testified that when they started down the steps, he went ahead with the light from his flashlight thrown across the path of the plaintiff and her nephew; that the boy came next and the plaintiff was a step or so behind the boy; that "when he started to seat the boy, he turned the light some, but that he thought there was light enough for both persons; just as he turned the light away the plaintiff fell." There was no further evidence as to just what caused the fall; the flashlight was working, and the deflection of the light ray was momentary. There was evidence tending to show that the ushers were supplied with flashlights by the defendant, and were supposed to use them for the purpose · of lighting the path for patrons going to their seats while the performance was being presented.

At the close of the evidence the plaintiff made twelve requests for rulings. Those numbered 1, 2, 4, 6, 9 and 12 were given by the trial judge, who found for the defendant. The third request was: "If the theatre and the aisle down which the plaintiff followed the usher for a seat, were then darker than was reasonably necessary for a proper showing of the picture, the defendant violated its duty to the plaintiff to keep its theatre in a reasonably safe condition." As to this request the judge stated: "Facts, not so found. And I now add, theatre not darker than was reasonably

necessary for proper showing." The fifth request was: "If the court shall find that at the time of the performance in question the defendant had employees there who were employed to light the aisles for patrons going to seats, such employment warrants a finding that failure so to light the aisle in question would be a breach of the defendant's duty to exercise reasonable care to safeguard the plaintiff from injury." As to this request the judge stated: "I do not find such failure on the part of the employee as to warrant a finding of negligence of the defendant." The plaintiff's seventh request was: "Even if at the time of the accident the defendant was not absolutely required to furnish additional light, yet if it did so through its agents and did it negligently, the defendant is guilty of negligence in this action." As to this request the judge stated: "I do not find negligence on the part of the defendant. I now add thereto 'because the facts shown in the evidence do not seem to me to indicate negligence on the part of the employee.'" The plaintiff's eighth request was: "If at the time of the accident the usher or employee of the defendant lit the path of the plaintiff with a flashlight, throwing a light in her path that was brighter than what it otherwise would have been, and then suddenly, while she was walking down steps, extinguished or turned the light away, leaving a darkened path, such conduct would constitute negligence on the part of the defendant's agent." This request was properly denied. It does not include all the facts which might have been found on the evidence, including the testimony of the usher who testified that when he started to seat the boy he turned the light some, but that he thought there was light enough for both persons; that just as he turned the light away the plaintiff fell. The plaintiff's tenth request, that "The defendant has not sustained such burden," was rightly denied. The "burden" here evidently refers to the ninth request, which recites that "The burden is on the defendant to show lack of due care on the plaintiff's part which contributed to her injury." The burden of proof of establishing negligence of the defendant was upon the plaintiff. *Castano* v. *Leone,* 278 Mass.

429, 431. The eleventh request, that "On all the evidence the plaintiff is entitled to recover, because it appears thereby that the defendant was negligent and that the plaintiff was in the exercise of due care," was rightly denied. Whether the plaintiff was in the exercise of due care and the defendant was negligent presented questions of fact to be determined by the trial judge.

The trial judge found as a fact that the defendant was not negligent. Such a finding will not be set aside if it can be supported on any "reasonable view of the evidence with all rational inferences of which it is susceptible." *Ashapa* v. *Reed*, 280 Mass. 514, 516. This finding upon the evidence presented was not erroneous as matter of law. *Moss* v. *Old Colony Trust Co.* 246 Mass. 139, 143. *Holton* v. *Denaro*, 278 Mass. 261, 262. *Castano* v. *Leone*, 278 Mass. 429. The burden of proving negligence of the defendant rested on the plaintiff. As was said by this court in *Winchester* v. *Missin*, 278 Mass. 427, at page 428: "The trial judge might have discredited all the testimony tending to support the plaintiff's contention." The order of the Appellate Division fails to show any prejudicial error.

> *Order of Appellate Division dismissing*
> *report affirmed.*