EMILY V. BARTTRO *vs.* WATERTOWN SQUARE THEATRE, INC.

Middlesex.   April 11, 1941. — May 28, 1941.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & COX, JJ.

*Negligence*, Contributory, Assumption of risk.

Conflicting evidence, as to the lighting just outside the exit of a theatre where a patron fell over a raised brick, did not require rulings that he was guilty of contributory negligence or that he assumed the risk of injury.

TORT.   Writ in the Third District Court of Eastern Middlesex dated June 27, 1938.

There was a finding for the plaintiff by *Nagle*, J., in the sum of $500.

*J. A. A. Anctil*, for the defendant.

No argument nor brief for the plaintiff.

COX, J.   The defendant appealed from the order of the Appellate Division for the Northern District dismissing the report of the trial judge, who made a special finding that the plaintiff was in the exercise of due care and found for

her.  At the argument in this court, the defendant waived all questions except those involved in the refusal of the trial judge to give the following requests for rulings: "If the court should find that the premises at the exit in question and the premises adjacent thereto were not sufficiently lighted under the circumstances then the court must find that the plaintiff herself was guilty of contributory negligence, and that there was a voluntary assumption of the risk. . . . At all events as a matter of law there was an assumption of the risk by the plaintiff in this case and the court ought not to consider at all whether the defendant itself was guilty of any negligence."

There was evidence that the plaintiff had attended a performance at the defendant's theatre and that as she stepped out of the door and took another step, she was injured.  She fell on a brick that was three inches high with a very sharp edge.  The door in question was marked "Exit" in red, and the plaintiff had used it once before.  Fifteen or twenty persons left the exit ahead of her.  The evidence as to the lighting conditions outside the exit was conflicting.  The plaintiff testified that the lights were very dim; that there were no lights on; that the premises were poorly lighted by the light from a gasoline station sixty feet away.  The plaintiff's daughter testified that she was "about three steps ahead" when she heard her mother scream; that she was sure the lights were on until she was about three steps away from the exit, when the lights went out; and that they went on again after her mother had been seated on the step from the theatre.  There was other evidence that there was a light over the vestibule of the exit door, and another outside on the theatre wall which was strong enough to light the entire "landing" area.

We are of opinion that there was no error.  The judge's finding that the plaintiff was in the exercise of due care cannot be disturbed, if it can be supported on any reasonable view of the evidence with all rational inferences of which it is susceptible.  *Weiner* v. *Egleston Amusement Co.* 293 Mass. 83, 86.  We think the finding was warranted. The question, however, is whether there was error in the

refusal of the defendant's requests, *Burns* v. *Winchell*, 305 Mass. 276, 282; *Carando* v. *Springfield Cold Storage Co. Inc.* 307 Mass. 99, 101; see *Barnes* v. *Berkshire Street Railway*, 281 Mass. 47, 50–53, and we are of opinion that there was not.

We have examined the cases cited on the defendant's brief and find nothing therein to the contrary.

*Order dismissing report affirmed.*