*Southern District*

*Fourth District Court of Bristol*

No. 13664
(November 30, 1955)

## CHARLES BATTISTELLO

**v.**

## JOHN A. FULLER

*Sgarzi, J.* This is an action of contract tried before (*Grover, S. J.*) to recover damages of $143.45 for breach of an oral contract to construct a foundation for a building. The defendant's answer is a general denial and allegation of payment.

*There was evidence that* the plaintiff owned a lot of land in North Attleboro upon which he planned to build a store building of cinder block construction. The building was to be 35 feet by 50 feet in size but he had no plans or drawings. He did not employ a general contractor to construct the building but engaged various persons to perform separate portions of the work, each of them working independently of the other.

He engaged the city engineer to set up the batter boards and to indicate by bench marks upon them where the top line of the foundation should be. He engaged an excavating contractor to dig a trench for the foundation *and engaged the defendant to set up forms and to supervise the pouring of the concrete which was ordered by the defendant* but paid for by the plaintiff. The defendant did not have enough forms to build the entire foundation at one time so he set them up to pour one half of the foundation and when that had hardened he removed the forms and set them up to do the other half. The work was done over a period of several days and the defendant claimed that the concrete was poured to the level of the bench marks, although there was no evidence that he checked the top of the foundation with any instrument to determine whether it was of uniform height. When the defendant had completed his work he presented his bill for $205.00 to the plaintiff who paid it.

The plaintiff next engaged a mason to lay the cinder blocks upon the foundation for the exterior walls of the building. He did not notice anything wrong with the level of the foundation until he had almost reached the top of the wall when he discovered that the north wall was too high and tried to compensate for the error by pressing the last few courses of cinder blocks.

When the mason finished his work the plaintiff engaged a carpenter to put on the roof. By using a transit the carpenter found that *one side of the wall was about $4\frac{1}{2}$ inches from true level* and the condition had to be remedied at a cost of $143.45.

While there was no direct evidence as to the exact cause of the discrepancy in the level it was established that the ground was hard gravel and not filled land, and there was no evidence that any settlement had occurred.

Upon cross examination the defendant stated that the wall was off and that he was responsible.

The defendant seasonably filed the following requests for rulings of law:

1. The plaintiff's declaration is defective and cannot support any *verdict* for him in this action, because the allegations are vague and uncertain and violate Clause sixth of M. G. L. (Ter. Ed.) Ch. 231 Sec. 7 "Causes of action in contract and tort shall not be joined except when they arise out of the same subject matter, and in such case they shall be stated in separate counts ********"

2. On all the evidence the plaintiff has failed to prove the express term or terms of any contract between the parties and the breach thereof which would entitle him to recover damages from the defendant.

3. On all the evidence the contract or agreement of the parties was made at a time when plaintiff's engineer and excavating contractor had completed excavation, location of the trench for the foundation, determined the elevation for the foundation and had placed boards at the corners of the proposed building, and indicated the elevation by markings, and that any agreement between the parties was made with reference to the existing conditions.

4. On all the evidence and the law the express undertaking of the defendant related to the circumstances in existence at the time they were made, and defendant was bound to set up his forms and to furnish labor and materials (except the cement) in accordance with the markings on the batter boards.

5. On all the evidence the plaintiff did not rely upon the skill and judgment of the defendant in any matters pertaining to grade, elevation, cement, etc. all of which plaintiff furnished to the defendant, but merely employed defendant to furnish his forms, labor, and such material as was required to build a foundation on his premises and was not furnished by plaintiff.

6. On all the evidence the defendant fully performed all of

the things by him to have been performed on January 28, 1952, upon which date the plaintiff accepted the foundation constructed by defendant and paid defendant in full.

7. On all the evidence and the law, if defendant fully performed his obligation as agreed upon by the parties, the law will not imply a promise to pay plaintiff the expense of building up one side of the building to support the roof at a level.

8. In the absence of an express warranty there can be no warranty of fitness for the purpose implied by law where there was no reliance upon the defendant's skill and judgment as to the subject matter of the suit on the plaintiff's part.

9. Even if a warranty of fitness for the purpose intended by the plaintiff can be found in the premises, not every flaw in the construction can be found to be a breach of such implied warranty (if any) especially where with a comparatively minor correction the foundation in all respects can be found to support the building contemplated and it can be and is used for the purpose for which it is built.

10. There is no rule of *res ipsa loquitur* which is satisfied by evidence that the foundation constructed by the defendant was "off" about 4½ inches on one side, which discovery was made by the contractor who put on the roof of the building.

11. Where each of many contractors contributed to the excavation, engineering, cement work, masonry and carpentry, among other things, proof that plaintiff was put to slight extra expense to correct the plumb line of the roof of the building, without expressly proving some act or acts of negligence on the part of the defendant.

The trial judge disposed of the above requests in the following manner:

1. No action taken as no motion applicable to the declaration was made before trial and the defendant went to trial on the declaration as it stands.

2. to 7. inclusive.    No action taken. See Rule 27.

8. to 11. inclusive. No action taken as not applicable to the facts found as set forth below.

The court found the following facts:

"The plaintiff, being the owner of certain premises on the easterly side of Route 1, in North Attleboro and desiring to have constructed thereon a store building, 50 x 35 feet, contracted with an engineer to set the necessary batter boards and established thereon bench marks determining the top line of a foundation to be made of poured concrete. This was done and crayon bench marks made on the batter boards.

After a foundation trench had been excavated by a third party, hired by the plaintiff, the plaintiff verbally contracted with the defendant to set the forms and supervise the pouring of concrete for a foundation, one foot in thickness, to the height determined by the bench marks. The ground was uniformly hard gravel and no footing was required. The cement was purchased and paid for by the plaintiff.

"The defendant did not have sufficient forms to permit the entire foundation to be poured at once, so he sat them up for a half of it, blocked off the ends, and when the cement was hard, set them up for the remaining half and had that poured.

"A third party was engaged by the plaintiff to erect cinder block side walls upon the foundation. When these were nearly to the top courses, this party found that one side was going to be lower than the other. The cinder blocks were precast by machine and were of absolutely uniform thickness. One-quarter inch cement was spread between each course. By pressing down the upper courses on this cement, the builder "took out" some of the excess on the high side. He had made no effort when he commenced his work to determine whether the foundation was level; his contract with the plaintiff was merely to

build the walls on the previously prepared foundation.

"Still another party was engaged by the plaintiff to construct the roof. This man, using a transit, found the top of the wall about 4½ inches "off" on one side. There was no testimony, however, as to any measurement by transit of the foundation.

"I find the defendant's contract with the plaintiff was to construct a level foundation, the bench marks being merely guides from which he was to establish his lines. I find his workmanship was faulty, the foundation was not level and he did not perform his contract.

"There is in one of the defendant's requests a reference to the walls not being "plumb". There was no evidence that either side of the foundation or the cinder block walls was not vertical."

The defendant claims to be aggrieved by the refusal of the court to act upon his requests for rulings and also by the court's findings that the defendant's contract with the plaintiff was to construct a level foundation, the bench marks being merely guides from which he was to establish his lines; that his (defendant's) workmanship was faulty, the foundation was not level, and he did not perform his contract, and to the general finding for the plaintiff.

The first request of the defendant was properly refused since it raised for the first time a question of pleading which should have been raised upon motion at or before the trial. *Walker v. Nickerson,* 291 Mass. 522; *Weiner v. Schulte,* 275 Mass. 379. [It also referred to a "verdict" which in law can be rendered only by a jury.]

There was no error in the refusal of the judge to act upon requests Nos. 2-7 inclusive. Rule 27 of the Rules of the District Courts provides that no review as of right shall lie to the refusal of a request for a ruling "upon all the evidence" in a case admitting

of specification of the grounds upon which such request is based unless such grounds are specified in the request, and then only upon the grounds so specified.

Since these requests did not conform to the requirements of Rule 27 the judge was not required to act upon them. *McKenna v. Andreassi,* 292 Mass. 213; *Wainwright v. Jackson,* 291 Mass. 100; *Pannella v. Reilly,* 304 Mass. 172.

Requests Nos. 8-11 inclusive were properly dealt with since they were based upon facts not found by the Court, and the facts so found were supported by the evidence.

This division has no authority to review findings of fact or to make alternative findings of fact. *Adamaitis v. Met. Ins. Co.* 295 Mass. 215.

It is well settled that findings of fact made by the trial court will not be disturbed if they can be sustained on any reasonable view of the evidence or unless they are wrong as matter of law. *Barttro v. Watertown Sq. Theatre Inc.,* 309 Mass. 223; *Weiner v. Egleston Amusement Co.,* 293 Mass. 83; *Deitrick v. Siegel,* 313 Mass. 612.

Since the facts found by the court were warranted by the evidence the defendant is not aggrieved and the *report is ordered dismissed.*

Avery & Levine, for the plaintiff.

Charles Sallet, for the defendant.