*Northern District*

No. 5162

**HENRY TRAVARA**
**v.**
**BRADLEY FRANCKUM d-b-a**
**BELAIRE NURSING HOME**

(May 15, 1958)

168

*Present:* GADSBY, P. J., ENO AND NORTHRUP, JJ.

Case tried to VICCARO, SP. J., in the Second District Court of Essex. No. 7261.

*Gadsby, P. J.* This is an action of contract to recover an alleged balance of $300.00 on a written contract to paint two rest home buildings. The defendant filed an answer in recoupment in addition to the general denial.

The controversy between the plaintiff and the defendant comes down to a question of interpretation of the terms of the contract which provided for the painting of the exterior of the buildings. The defendant contends that the plaintiff was obliged to paint the sashes of some one hundred windows which were covered by aluminum combination windows and sashes. No specific reference was made in the

contract as to these sashes except that it provided for the painting of the exterior of the buildings.

The Court made the following findings of fact:

"The plaintiff and the defendant entered into an agreement whereby the former was to paint for the latter 'the exterior of two Belaire Rest Home Buildings for $1700', $600 of which was to be paid down; $100 was to be paid at the end of each week, and if any balance remained unpaid when the work was completed, it was to be paid at that time.

Among several items designated to be done by the plaintiff by the terms of this agreement were to 'take off loose putty around windows', 'replace any putty where loose putty was taken off'. 'one coat of paint all over white'. The plaintiff undertook to 'use all first class material', 'do a first class job'. 'Buildings shall have one coat of paint all over as set forth in the agreement'. The buildings to be painted had some conventional windows covered with aluminum combination windows, comprised in part of removable screens and sashes and some conventional windows *which were not so covered*.

The plaintiff had painted the sashes of all conventional windows which were not covered by the aluminum windows, but had made no attempt to remove the screens and sashes from the aluminum windows and paint the sashes of the conventional windows underneath them.

The plaintiff had painted the buildings in this manner within a day of the time of completion of the painting when the defendant first spoke to him about his failure to remove the screens and sashes from the aluminum windows and paint the sashes of the conventional windows underneath and he then requested the plaintiff to do so. The plaintiff insisted that this was not a part of his agreement. Whereupon the defendant ordered the plaintiff to stop work immediately, but the plaintiff informed the defendant he would finish his job, and he did complete painting

the exterior of the buildings in the manner in which he had been doing — that is to say, by not removing the screen and sash from the aluminum windows and painting the sash of the conventional windows underneath them.

At the request of counsel, a view of the buildings was taken by the Court and this indicated a portion of each of the sashes in the conventional windows was inaccessible for puttying or painting even after the removal of the screens and glass in the aluminum windows. It would have been impossible to putty or paint the entire original sash in each such window without removing the permanent frame of the aluminum window due to the type of the conventional window. When the agreement was made neither the plaintiff nor the defendant contemplated the puttying and painting by the plaintiff of those windows underneath the aluminum windows. The plaintiff completed the job in accordance with the terms of his agreement with the defendant. The defendant is not entitled to recoup.

It was agreed between the parties that the defendant had no complaint as to the materials used by and workmanship of the plaintiff. That if a finding was made that the plaintiff is entitled to recover any sum from the defendant, judgment shall be entered for the plaintiff in the sum of $300; and that if a finding is made for the defendant to recoup damages against the plaintiff, such damages shall be assessed in the sum of $300.

FINDING: I find for the plaintiff and I assess damage in the sum of $300.
I find for the said plaintiff upon the defendant's answer in recoupment."

The defendant alleges error on the part of the trial judge in the denial of his requests numbered 1, 3, 4, 6, 7, 8, 9, 10, 11, 12, 13 and 16.

It is not necessary to discuss these requests

separately. The question of the interpretation of the contract becomes a mixed question of law and fact.

■ The requests filed by the defendant become immaterial in view of the specific findings of fact by the trial judge or are based on an assumption of facts not shown to exist.

■ So far, as questions of fact are concerned, this Division has no authority to review questions of fact. *Adamaitis v. Met. Life Ins. Co.*, 295 Mass. 215, 221.

■ Findings of fact made by the trial judge will not be disturbed if they can be sustained on any reasonable view of the evidence or unless they are wrong as matter of law. *Barttro v. Watertown Sq. Theatre, Inc.*, 309 Mass. 223, 224; *Casey v. Gallagher*, 326 Mass. 746.

If we regard the question of the interpretation of the exterior of the buildings as a question of law, then there was no error on the part of the trial judge. We cannot say as matter of law that the judge erred in his interpretation of the contract.

■ The defendant also objected to the following question asked of the plaintiff:

"Is it a custom for painters to remove permanent type storm windows and paint under them"?

The plaintiff had previously testified that he had been a painting contractor for about ten years. The witness answered the question in the negative. The defendant duly saved a report to the admission of both the question and answer.

There is no error in the admission of this evidence since the Court had satisfied himself that the plaintiff had qualified to so testify. The admission of such evidence was within the discretion of the trial judge.

There being no prejudicial error committed by the trial judge, the report is hereby ordered dismissed.

Louis A. Cyr, for the plaintiff.
M. H. Kramer, for the defendant.