*Southern District*

**GEORGE H. GOLDEN**

v.

**CHARLES H. TARBOX, 3rd**

*Present:* Nash, P. J., Cox and Callan, JJ.

Case tried to *Taylor, J.,* in the District Court of East Norfolk. No. 1143 of 1957.

*Callan, J.* The plaintiff seeks in this action of tort to recover for damage to his motor vehicle allegedly caused by the negligence of the defendant.

The judge found for the defendant and the plaintiff claims to be aggrieved by the judge's action and finding on his request for ruling No. 4. as follows:

> "Due care on the part of the plaintiff is presumed. It is incumbent on the defendant to prove negligence on the part of the plaintiff and show that such negligence contributed to the cause of the accident."

The judge allowed this request and further stated, "I find as a fact that the plaintiff was also negligent and that his negligence contributed to the cause of the accident."

The plaintiff contends that the finding of contributory negligence is unsupported by the evidence and is inconsistent with the allowance of the plaintiff's request for ruling. As to the latter contention, if the plaintiff is aggrieved, his remedy is a motion to the judge for a new trial or a motion to the judge to correct the inconsistency, and to

secure a report of any adverse ruling thereon. *Kelsey v. Hampton Court Hotel Co.,* 327 Mass. 150, 153.

 As to the plaintiff's other contention that the finding of contributory negligence is not supported by the evidence we must look to the evidence and if the finding can be sustained upon any reasonable view of the evidence and all rational inferences to be drawn therefrom it will not be disturbed. *Weiner v. Egleston Amusement Co.,* 293 Mass. 83, 86; *Dolham v. Peterson,* 297 Mass. 479; *Barttro v. Watertown Sq. Theatre, Inc.,* 309 Mass. 223, 224.

*There was evidence tending to show that* as the plaintiff was driving his car on Hollis Avenue in Quincy at about 6:00 P.M. on March 8, 1957 in an easterly direction and at a speed of about ten to fifteen miles per hour, he approached the intersection of Hodges Avenue. As he approached he reduced his speed to twelve miles per hour. The area of the intersection is 25 feet square, and although it was raining and dark the square was lighted by an electric street light on the southwest corner. His vision on the left as he approached the intersection was somewhat obscured by a hedge. He entered the intersection and was part way through it when the vehicle of the defendant approached from Hodges Avenue on his left and attempted to pass through the intersection in front of the plaintiff's vehicle. The vehicles collided at a point in the center of the right hand lane of Hollis Avenue about ten feet

from the easterly boundary and five feet from the southerly boundary. After the collision the plaintiff stopped his vehicle within two feet while the defendant's vehicle continued on, struck the left hand curbing of Hodges Avenue and skidded into a right angle position from the curbing and across Hodges Avenue.

There was testimony by a fifteen year old high school student that she saw the plaintiff's vehicle enter the intersection at about eight miles per hour; that the defendant's vehicle approached the intersection at thirty-five miles per hour, without slowing down and collided with the plaintiff's vehicle.

The defendant testified that his vehicle entered the intersection at a speed of about fifteen to twenty miles per hour; that his vision was partly obscured on his right by shrubs; that he was ten feet inside the intersection when he first saw the plaintiff approach on his right and that the plaintiff was about thirty to forty feet away; that the plaintiff struck his car when he was three-quarters across the intersection. The defendant admitted, in answer to interrogatories that he said the plaintiff was fifty to sixty feet from the intersection when he first saw the plaintiff's vehicle.

Photographs of the locus and those showing the force of collision and direction of force were admitted in evidence.

In order for the plaintiff to recover there must be a finding of negligence on the defendant's part and no negligence on the

plaintiff's part that contributed towards the happening of the accident.

The judge found the defendant negligent and the only issue is whether the judge was warranted on the evidence of finding negligence on the plaintiff's part that contributed in causing his damage. Contributory negligence is an affirmative defense and must be specially pleaded and the burden of proof is on the defendant. G. L. c. 231, §85; *Russell v. Berger,* 314 Mass. 500, 502; *Perry v. Boston El. Ry.,* 322 Mass. 206, 209. By the same section, "In all actions, civil or criminal, to recover damages for causing the death of a person, or for injuries to the person or property, the plaintiff shall be presumed to have been in the exercise of due care" et cetera.

Negligence, without qualification and in its ordinary sense, is sometimes defined "as the failure of a responsible person, either by omission or by action, to exercise that degree of care, vigilence and forethought which, in discharge of the duty then resting on him, the person of ordinary caution and prudence ought to exercise under the particular circumstances." *Altman v. Aronson,* 231 Mass. 588, 591; *Carroll v. Bouley,* 338 Mass. 625.

A presumption is not evidence but a rule concerning evidence and disappears when the facts are shown. As was stated by Rugg, C. J. in the case of *Brown v. Henderson,* 285 Mass. 192 at 195:

"This statute (G. L. c. 231, §85) enables a plaintiff to make out a case by proving injury and damage due to the negligence of the defendant. It changed the pre-existing law of this Commonwealth whereby a plaintiff was obliged to prove due care on his own part to make out his case. It is a rebuttable presumption. Since, however, the statute creates merely a presumption and not evidence, such presumption can in the nature of things continue only while credible evidence of the facts is lacking. If contributory negligence is proved by the evidence the plaintiff must fail."

Thus the presumption of due care on the part of the plaintiff disappears when evidence is introduced as to his conduct.

The judge could have believed defendant's story that he was ten feet inside the intersection when he first saw the plaintiff's car on his right, that the plaintiff was then thirty to forty feet away, that the plaintiff struck his car when he was three quarters of the way across the intersection. The photographs show no damage on the right side of the plaintiff's car. The damage is in the front center and the right front. This, together with the area of the intersection, the weather conditions, the obscured vision caused by the hedge, and the admitted speed of the plaintiff's car, under all the circumstances, would be enough to support his finding. He did not have to accept the student's version of the happening of the accident.

If the judge believed the defendant entered the intersection first, he had the right of way, G. L. c. 89, §8, and the failure of the plaintiff to acknowledge the defendant's right and a violation of the statute by him

was evidence of negligence on his part if it contributed to the happening of the accident and causing his damage. *Baggs v. Hirschfield,* 293 Mass. 1.

The finding made by the judge of contributory negligence was amply supported and the report accordingly is ordered dismissed.

*So ordered.*

Peter J. Needham of Boston for the Plaintiff.

................ of ................ for the Defendant.