*Western District*

**PHILLIP S. HAGEN and CLAIRE M. HAGEN**

**v.**

**FRANK J. WAS and FRANK J. WAS and
HENRY A. WAS, d.b.a. WAS BROTHERS**

Argued: June 26, 1969 — Decided: July 18, 1969

*Present:* Garvey, P.J., Allen & Sloan, J.J.

Case tried to *Griffin, J.*, District Court of Eastern Hampden, No. 69-R60.

Garvey, P.J. *This motor tort action was transferred by order of a justice of the Superior Court to the District Court for trial.* G.L. c. 231, § 102C. There was a finding and damages assessed for the female plaintiff on her counts for personal injuries and for the male plaintiff, her husband, on his counts for consequential damages. The defendants claimed a report.

We summarize the reported evidence. On *September 29, 1966,* a clear, dry day, the female plaintiff (plaintiff) was operating her

Plymouth station wagon north on Bolton Street, approaching Prouty Street, which intersects Bolton Street at right angles. Frank J. Was (defendant) was operating a 10-wheel dump truck (owned, we assume by the defendant brothers), about twenty-five feet long, fully loaded with small rocks, west on Prouty Street. Both streets are public ways, twenty-seven feet wide, located in a residential area in Springfield.

The vehicles collided in the north bound lane of Bolton Street, one foot south of the extended southerly curb line of Prouty Street and eight feet west of its easterly curb line. There were twenty-six feet of tire marks [caused by defendants' truck] ending at the front wheels of the plaintiff's vehicle. The defendant, turning left to enter Bolton Street, "cut" the corner and the left front of his truck was in contact with the right front of the plaintiff's station wagon which was preceeding in its proper lane and was one foot short of reaching the intersection. As the plaintiff approached the intersection, she saw the truck and presumed it was going to stop. Instead it suddenly turned to the left and cut the corner.

The judge found "that the plaintiff . . . was not negligent and the defendant . . . was negligent," and then denied as inapplicable the defendant's[1] requests for rulings of law

---

[1] There were two plaintiffs and two defendants but the requests refer to the parties in the singular.

(a) that there was no evidence to warrant a finding for the plaintiff, and that the defendant had sustained his burden of proving the plaintiff's contributory negligence, and (b) that the evidence warranted a finding for the defendant, and that the plaintiff had not sustained her burden of proof that the defendant was negligent. There was no error.

As has been repeatedly held, this court can review only questions of law and not issues involving findings of fact. *Bresnick v. Heath,* 292 Mass. 293, 296. *Adamaitis v. Metropolitan Life Ins. Co.,* 295 Mass. 215, 221. *Perry v. Hanover,* 314 Mass. 167, 169. A judge's findings, in a tort case, of negligence on the part of a defendant and the exercise of due care on the part of a plaintiff, are not to be disturbed if supportable on any reasonable view of the evidence with the drawing of all rational inferences of which they are susceptible. *Weiner v. Egleston Amusement Co.,* 293 Mass. 83, 86. *Barttro v. Watertown Square Theater, Inc.,* 309 Mass. 223, 224.

Notwithstanding these firmly established principles of law, the defendant argues that, as a matter of law, we should find that the plaintiff was negligent and he was not. The defendant's truck cut the corner when turning left into Bolton Street, and collided with the plaintiff's motor vehicle which was proceeding in its proper lane of traffic and had not yet reached the intersection of Prouty

Street. *These violations of G.L.c. 90, § 14 and c. 89, §1,* without more, would warrant a finding by the judge of negligence on the part of the defendant.

Recently the court, in *Halley v. Hugh Nawn, Inc.* 354 Mass. —, had occasion to reiterate another long standing rule. It said: "Under G.L.c. 231, § 85, the defendants had the burden of proving contributory negligence . . . Only in rare cases can it be ruled as a matter of law that (this burden has) been sustained." See also *Hoffman* v. *Chelsea,* 315 Mass. 54, 56. *Summering* v. *Berger Realty, Inc.,* 344 Mass. 38, 42. *Lindgren* v. *Marraffa,* 350 Mass. 376, 379. The case under consideration does not appear to be one of those rare cases. To us, it seems to be another of the countless routine motor tort cases that District Court judges (and juries) are called upon daily to decide on the facts.

The defendant also complains of the judge's findings. He asserts they were too meager to justify the denial, as inapplicable, his requests for rulings of law directed to the issues of negligence and contributory negligence. The examination of the original record shows they were made "upon consideration of all of the evidence." Nothing more, in our opinion, is required. In *Kerr v. Palmieri,* 325 Mass. 554, 556, the court held there was no error where a District Court judge found and ruled as follows: "As I found the defendant negligent as a matter of fact and the plaintiff

free from negligence as a matter of fact, I deny the defendant's three requests for rulings of law and treat them as immaterial because of my finding in favor of the plaintiff on the facts." See also *Bresnick v. Heath,* 292 Mass. 293, 298. *Hoffman v. Chelsea,* 315 Mass. 54, 55. *Brodeur v. Seymour,* 315 Mass. 527, 529-530. *Liberatore v. Framingham,* 315 Mass. 538, 541-542. *Stella v. Curtis,* 348 Mass. 458, 462.

*The report is to be dismissed.*

Eugene J. Mulcahy, Esq.

For Plaintiff

Donald A. Beaudry, Esq.

For Defendant