*Western District*

## THOMAS J. BERGIN

*v.*

## MARY E. LEMIRE

S.C. #169978
D.C. #69 T 796

Argued: Aug. 9, 1972 - Decided: Aug. 21, 1972

*Present:* Garvey, P.J., Allen, J. and Dudley, J. Case tried to *DiCicco, J.* in the District Court of Central Worcester.

**Garvey, P.J.** This action to recover for personal injuries alleged to have been sustained in a collision between motor vehicles was transferred by order of a Justice of the Superior Court to the District Court for trial. G.L. 231, § 102C. After a trial there was a finding for the defendant and the plaintiff claimed a report. There was no error.

We summarize the reported evidence.

The plaintiff Bergin testified that about 5 :15 P.M. in November 6, 1967 he was operating his wife's motor vehicle in a southerly direction on Rockland Road, a public way, in Auburn, Massachusetts, at a speed of about 25 miles per hour. When he was about 75 feet from the point of collision he saw the defendant Lemire backing her vehicle out of her driveway. At that time the rear of her vehicle was onto the paved portion of the road. He applied his brakes but before he could bring his vehicle to a stop it struck the right rear of the Lemire vehicle.

The defendant Lemire testified she was operating her motor vehicle backwards on the driveway to her home located at 69 Rockland Road, in a thickly settled residential area. When she reached the street line she brought her vehicle to a stop looked to her right — the direction in which Bergin was operating — she had an unobstructive view of about 250 feet — saw nothing and proceeded to back her vehicle to the middle of the road where she again brought it to a stop facing in a southwesterly direction. As she was shifting gears intending to drive southerly, her vehicle was struck in the rear by the front end of Bergin's vehicle which she did not see until after the collision. The impact pushed her vehicle in a southwesterly direction toward her driveway. Her vehicle's lights were lit and there was a street light located opposite her home.

There was a concrete wall about 6 feet in height along a portion of the north side of the driveway which extended to a point about 6 feet from the westerly line of Rockland Road.

It was clear and the street was dry. Her testimony was corroborated by testimony given by a witness to the accident.

There was also testimony from an investigating police officer that there were two tire marks 29 feet in length on the surface of the road leading to the rear wheels of the Bergin vehicle.

The judge made the following disposition of

the plaintiff's requests for rulings, stated to be upon his consideration of all of the evidence.

"Numbers 2, 3, 4 and 6. Treated as immaterial since I find as a fact that the defendant was in the exercise of due care before and at the happening of the collision mentioned in plaintiff's declaration. "I find also as a fact that the plaintiff-operator was negligent before and at the happening of said collision. I find further that the negligence of the plaintiff-operator was the sole and proximate cause of his injuries; I find, too, as a fact that the negligence of the plaintiff-operator was the sole and proximate cause of the damages sustained to the vehicle of plaintiff-owner." [1]

The sole issue argued by the plaintiff is the inadequacy of the judge's findings of fact in disposing as immaterial his (the plaintiff's) requests directed to the issues — the care used by the defendant — failure by the defendant to observe plaintiff's vehicle and the emergency confronting the plaintiff.

█. It has been repeatedly held that this Division can review only questions of law and not issues involving findings of fact. *Bresnick* v. *Heath,* 292 Mass. 293, 296. *Adamaitis* v. *Metropolitan Life Ins. Co.,* 295 Mass. 215, 221. *Perry* v. *Hanover,* 314 Mass. 167, 169.

---

[1] The plaintiff's brief states that the count for damages by the "plaintiff-owner" has been discontinued.

A judge's findings, in a tort case, of negligence on the part of a plaintiff and the exercise of due care on the part of a defendant, are not to be disturbed if supportable on any reasonable view of the evidence with the drawing of all rational inferences of which they are susceptible. *Weiner* v. *Egleston Amusement Co.,* 293 Mass. 83, 86. *Bartro* v. *Watertown Square Theater Inc.,* 309 Mass. 223, 224. The reported evidence in our opinion warranted the judge's findings.

The plaintiff asserts the judge's special findings were too meager to justify the denial as immaterial, his rulings of law. Nothing more, in our opinion, is required. In *Kerr* v. *Palmieri,* 325 Mass. 554, 556, the court held here there was no error where a District Court judge found and ruled as follows: "As I found the defendant negligent as a matter of fact and the plaintiff free from negligence as a matter of fact, I deny the defendant's three requests for rulings of law and treat them as immaterial because of my finding in favor of the plaintiff on the facts." See also *Bresnick* v. *Heath,* 292 Mass. 293, 298. *Hoffman* v. *Chelsea,* 315 Mass. 54, 55. *Brodeur* v. *Seymour,* 315 Mass. 527, 529-530. *Liberatore* v. *Framingham,* 315 Mass. 538, 541-542. *Stella* v. *Curtis,* 348 Mass. 458, 462.

As the judge's findings were adequate, there was no error in his denial of the plaintiff's request for rulings as immaterial.

The report is to be dismissed.

MAHER, MCCANN AND TALCOTT of Worcester
for the Defendant
JAMES F. BERGIN of Worcester
for the Plaintiff