*Northern Division*

## No. 8309

# JACK RESNIC
### v.
# LOUIS TOLEAS

Argued: May 15, 1975. Decided: July 17, 1975.

Case tried to *Newth, J.,* in the District Court of Southern Essex. Number: 1118 of 1973.

Present:Cowdrey, P.J., Bacigalupo, Flynn, J.J.

Counsel for Plaintiff: Sumner Smith, Lynn.

Counsel for Defendant: Charles Cronis, Lynn.

**Flynn, J.** This is an action of contract to recover $500.00 plus extra expenses for the alleged breach of a written contract whereby the defendant was to furnish labor and materials on the house of the plaintiff. The answer is a general denial, statute of limitations, justification for termination, and excuse of performance. The plaintiff's answer to defendant's declaration in set-off is a general denial, payment, work not done in a good and workmanlike manner, work of no value and expenditure for other work and illegality and voidness of the contract.

The court found for the defendant.

*At the trial there was evidence tending to show:*
Three days prior to June 14, 1973, the defendant and two men worked on the plaintiff's home, and on June 14, 1973, at the request of the plaintiff, the de-

fendant signed a contract, drawn by the plaintiff for the entire painting of the plaintiff's home for the sum of $875.00 and the plaintiff paid the defendant the sum of $500.00.

The contract in susbtance stated that the contract price was $875.00 and that the work would be completed by June 30, 1973. The contract did not contain any provision that it could be cancelled under the provisions of G. L. c. 93, §48, and was signed at the plaintiff's home.

The defendant worked for 5 or 6 days after June 14, 1973. The plaintiff attempted to contact the defendant without success and on June 27, 1973, the plaintiff wrote to the defendant ordering him to remove his equipment and terminated the contract. The plaintiff had complained about bubbles in the paint work, paint on shrubs and the front steps. The defendant had informed the plaintiff that he would complete the work to his satisfaction prior to the time that the work was to be completed. The plaintiff would not allow the defendant to complete the work.

Plaintiff claims to be aggrieved by the trial justice's ruling on his requests for rulings ##1, 2, 4, 5, and 6. These requests and the trial justice's disposition thereof are as follows:

### Plaintiff's Requests for Rulings

1. Upon all the evidence a finding for the plaintiff is warranted because the defendant did not comply with the terms of the agreement. *Denied. I find that the plaintiff would not permit the defendant to complete the work agreed upon prior to the time when the work was to be completed.*

2. The plaintiff was justified in terminating the contract if the work was not done in a good

and workmanlike manner. *Denied. This request is for a finding of fact and not for a ruling of law.*

4. When a party binds itself by contract to do work or to perform a service, he agrees by implication to do a workmanlike job and use reasonable and appropriate care and skill in doing it. *George v. Colman,* 333 Mass. 496. *Allowed. But see my findings.*

5. Contracts should be construed in accordance with justice and common sense and probable intention of the parties. *Bover v. Chalifour,* 334 Mass. 348. *Allowed. But see my findings.*

6. The plaintiff could cancel the contract and recover monies thereunder because of the defendant's failure to comply with G.L. c. 93 §48.[1] *Denied. This statute does not apply; if it did apply plaintiff cannot avail himself of the statute as he failed to comply with the terms of the statute by failure to give notice of cancellation not later than midnight of the third business day following execution to the agreement.*

---

1. Chapter 93 S 48 of the General Laws provides as follows: [A]. "An agreement providing for the sale or lease of goods, or rendering services, or both, primarily for personal, family or household purposes in excess of $25.00 in value and which is consummated by a party thereto at a place other than the address of the seller, or lessor, which may be his main office or branch thereof, may be cancelled by the buyer for other than the sellers or lessor's breach whether or not such agreement contains a provision for periodic payments or an extension of credit, provided the buyer, not later than midnight of the third business day, following the execution of the agreement, notifies the sellor or lessor that he is cancelling, and such cancellation shall be effective thereupon."

[B]. Each such agreement shall be in writing, signed by the seller or lessor, contain his address and all the terms agreed upon by the parties or required by law. The failure to include a required or an agreed term or to deliver a copy of the agreement signed by the seller or lessor shall

The trial justice found the following facts:

"I find that the plaintiff and defendant entered into an agreement to be performed within the month of June 1973, that before the end of June, namely on June 26, 1973, the plaintiff terminated the contract by requesting defendant to take his equipment from the premises and would not allow the defendant to complete the work, that upon the plaintiff's own testimony the defendant was willing to complete the work to the plaintiff's satisfaction. I therefore, find that the plaintiff breached his agreement with the defendant."

The trial justice has found that the plaintiff breached the contract by not allowing the defendant to complete his work and he has further found that the defendant was willing to complete the work to the plaintiff's satisfaction.

■■ The creditability of the various witnesses and the weight to be given to their testimony are matters for the trial justice, *Dolham v. Peterson*, 297 Mass. 479, 481 (1937), and his findings if supportable on any reasonable view of the evidence cannot be disturbed. *Weiner v. Egleston Amusement Co.*, 293 Mass.

---

give the buyer the right to cancel said agreement until the omitted term is provided or the copy of the agreement delivered. In either case, the time period during which the buyer may cancel under subsection A shall not commence until the failure to include terms or deliver a copy has corrected.

Each such agreement shall contain the following statement, appearing conspicuously on the front page thereof:

You may cancel this agreement if it has been consummated by a party thereto at a place other than the address of the seller, which may be his main office or branch thereof, provided you notify the seller in writing at his main office or branch by ordinary mail posted, by telegram sent or by delivery, not later than midnight of the third business day following the signing of this agreement.

C. Notice of cancellation under this section shall be given in writing to the seller at the place of business set forth in

83 (1935). Furthermore, the Appellate Court can not disturb the general finding of the trial court when it is supported by any reasonable view of the evidence and rational inferences of which it was susceptible. *Barttro v. Watertown Square Theatre,* 309 Mass. 223 (1941). *Castano v. Leone,* 278 Mass. 429-431 (1932). *Moss v. Old Colony Trust Co.,* 246 Mass. 139-143 and citations (1923). *Weiner v. Egleston Amusement Co.,* 293 Mass. 83-86 (1935). Here, an inference may be drawn from the trial justice's special findings, together with his general finding for the defendant, that the defendant, had he been allowed to complete his work but for the plaintiff's action, could have completed his work in a satisfactory manner prior to the end of June or within a reasonable time thereafter.

Plaintiff argues that since the work was to done to his satisfaction his observation of bubbles in the paint, the paint on the shrubs and on the front steps, was sufficient justification for cancellation. However, there was finding here by the trial justice that the work that had been done by the defendant when the plaintiff terminated the contract on June 26, 1973 had not been done in a workmanlike manner

---

the agreement by ordinary mail posted, by telegram sent or by delivery, not later than midnight of the third business day following execution of the agreement.

D. In the event of cancellation pursuant to this section, the seller or lessor shall refund to the buyer, within ten days after such cancellation, all deposits, including any down payment made under the agreement, and re-deliver any goods traded in to the sellor on account of or in contemplation of the agreement, less any reasonable costs actually incurred in making the goods ready for sale and shall return any copies of the agreement signed by the buyer with a notation indicating that it has been cancelled. The seller or lessor shall be entitled to reclaim and the buyer shall return whenever possible or hold at the seller's disposal any goods received by the buyer under the agreement. The buyer shall incur no additional liability for cancellation pursuant to this section. (Sections E and F provide criminal penalties for failure to comply and are not material to issue herein)."

or, if so, that could not have been corrected. Nor was there any specific finding that the work performed was not satisfactory by objective standards. Ordinarily, the standard of satisfaction is considered to be a reasonable person or objective standard. Restatement, Contracts 2nd, §254, If there is doubt as to whether a personal standard or an objective standard is to be used it will be considered an objective standard. *Hawkins v. Graham,* 149 Mass. 284 (1889).

Although the trial justice found that the defendant was willing to complete the work to the plaintiff's satisfaction, there was no such requirement in the original contract. It would appear, therefore, that there was only an implied objective standard of satisfaction in the contract up until June 27th, when the defendant offered to complete the work to the plaintiff's satisfaction. From the justice's finding that it was the plaintiff who breached the contract, a rational inference may be drawn that the justice applied such an objective standard and that by implication he found the paint job to be satisfactory on June 27th or, at least, that it was not in such a condition that it could not have been completed by June 30th, to the plaintiff's satisfaction, or within a reasonable time thereafter if time was not of the essence.

Plaintiff argues that time was of the essence. Yet, the trial justice made no finding that time was of the essence or that the contract would have to be satisfactorily completed by June 30th. Unless expressly stipulated, time is normally not of the essence in building or other contracts. 6 Williston §846, 849. Here, there was a time stipulated for the completion of the painting but there was nothing indicating that this was essential to the contract. We are of the opin-

ion therefore, because of his general finding and logical inferences that may be drawn therefrom, that by implication the trial justice found that time was not of the essence.

■. Although we are of the opinion that the justice was incorrect in ruling that the plaintiff's request #2 was directed to a finding of fact rather than to a ruling of law, we find such error harmless. The justice by his findings of fact has made clear that he has found for the defendant because of the plaintiff's breach and request #2 could have been denied as not applicable to the facts found.

Plaintiff's requests for rulings ##4 and 5 stated good propositions of law but were rendered immaterial by the justice's findings.

■. Plaintiff's request for ruling #6 in our opinion was rightly denied. It appears that plaintiff's reliance on G.L. c. 93, §48 is misplaced. The statute quoted is a fairly recent Act of the Legislature (1970) designed to protect consumers usually in situations where a salesman or product representative solicits at the home of the consumer. It was not intended to apply to a situation such as is presented by the case at bar. The contract here was drawn by the plaintiff and signed at his request three days after the defendant had commenced work. Under such circumstances, a person should not be permitted to take advantage of his own failure to insert the rescission clause that c. 93, §48 refers to, particularly when partial performance had already taken place.

**There being no prejudicial error, the report in dismissed.**