Hurley, J.
By this action the plaintiffs seek to recover for breach of contract, violation of G.Lc. 93, §48 and violation of G.Lc. 93A all arising out of the construction of the plaintiffs’ home by the defendant The defendant denied liability on any basis and sought unpaid amounts by counterclaim. After trial, including a view, the trial court found for the plaintiffs on the breach of contract claim and for the defendant on the c. 93 and c. 93A claims. Additionally the court found for the plaintiffs who are defendants in counterclaim. A subsequent motion for new trial was denied. This Report followed.
This appeal focuses on some of the plaintiffs’ requests for rulings; numbers 9 to 18 reproduced below:
9. The evidence warrants a finding that the defendant was engaged in trade or commerce within the meaning of General Laws c. 93A.
RULING: ALLOWED
10. The evidence warrants a finding that the plaintiffs are persons entitled to bring an action under General Laws c. 93A, Section 9.
RULING: ALLOWED.
11. The evidence warrants a finding that the defendant engaged in an unfair or deceptive act or practice in violation of General Laws c. 93A in representing to the plaintiffs that the contract would be completed by December 25,1983.
RULING: ALLOWED.
12. The evidence warrants a finding that the defendant engaged in an unfair or deceptive act or practice in violation of General Laws c.93A in representing to the plaintiffs that he was capable of constructing the plaintiffs’ home in a competent manner.
RULING: ALLOWED.
13. The evidence warrants afinding that the defendant violated General Laws c. 93 section 48 by failing to give the plaintiffs notice of cancellation required by the statute.
RULING: ALLOWED.
14. The evidence warrants a finding that the defendant engaged in an unfair or deceptive act or practice in violation of General Laws c. 93A by breaching his warranty that the work on the plaintiffs’ home would be completed in a workmanlike manner.
RULING: ALLOWED.
15. The evidence warrants a finding that the defendant’s misrepresentations were willful.
RULING: ALLOWED.
16. The evidence warrants a finding that the defendant’s misrepresentations *68 were knowing.
RULING: ALLOWED.
17. The evidence warrants a finding that the plaintiffs suffered actual damages in the amount of $16,500.00 as a result of the defendant’s unfair or deceptive acts or practices.
RULING: ALLOWED.
18. The evidence warrants a finding that proper written notice pursuant to General Laws c. 93A was given by the plaintiffs to the defendant
RULING: ALLOWED.
The main contention of the plaintiffs on the 93 A issue is that the judge was required to find a violation of G.Lc. 93A because of his allowances of requests for rulings numbered 9-18 and because he found that the defendant breached the construction contract by failing to perform the work in a workmanlike manner. Additionally the plaintiffs argue that the judge’s finding that his breach of the contract was not a willful or knowing violation of the statute (93A) misapprehends the requirements for finding a violation of G.Lc. 93A
Amaterialandsubstantialbreachofwarrantyisasufficientbasisforrecovery under G.Lc. 93A. Linthicum v. Archambault, 379 Mass. 381 (1979). The trial judge determined that the plaintiffs prevailed in this case because the defendant breached the construction contract by failing to perform his work in a workmanlike manner. The judge did not go beyond this finding and determine that this breach of warranty was a material and substantial one, nor did he find a violation of the Attorney General’s Regulations 940 CMR 3:05.[3] The plaintiffs paid the defendant $41,367.00 for work performed. The judge found damages in the sum of $7,500.00 on the contract claim.
By his action in allowing requests 9-18 the judge determined that the plaintiffs had met their burden of producing some evidence which would warrant a finding in their favor. Strong v. Haverhill Electric Co., 299 Mass. 455 (1938); Digesse v. Columbia Pontiac Co., Inc., 369 Mass. 99 (1975). By ruling as he did the judge determined that the evidence was not insufficient as a matter of law to warrant a finding for the plaintiffs. He has, on the other hand, determined that based on all of the evidence, as indicated in his findings of fact, that he finds for the defendant on the 93A claim. We discern no inconsistency between the judge’s allowance of the requests and his ultimate finding against the plaintiffs on the 93A issues.
The trial judge specifically found that the defendant did not violate the provisions of G.Lc. 93A His additional finding that the defendant’s breach of his contract to perform the work in a workmanlike manner was not a willful or knowing violation of the statute does not, standing alone, indicate that the judge determined that finding is a prerequisite to a finding of a violation of G.Lc. 93A. The judge did allow the plaintiffs’ request for ruling number 14. By allowing this request the judge determined that the plaintiffs had met their burden of providing some evidence which would warrant a finding in their favor. While a breach such as the one in this case way afford recovery under G.Lc. 93A, once such a breach is shown, recovery under G.Lc. 93A is not automatic. Mechanic Nat. Bank of Worcester v. Killeen, 377 Mass. 100 (1979). The judge found that the defendant did not do what he agreed to do and assessed damages for his failure to perform in a workmanlike manner. We find no clearly erroneous finding of fact nor are the conclusions of the judge inconsistent with the subsidiary facts found by him after trial.
The contract, executed on August 23, 1983 provided a completion date “on or around December 25,1983.” There was testimony that at the time the contract was *69 executed, defendant knew that the house could not be completed by December 25, 1983 because of awallpaper problem. The plaintiffs moved into the house on February 2,1984. Although the house was nor complete on December 25,1983, there is no reported evidence as to the date plaintiffs could have first moved into the house. In any event, although the regulations of the Attorney General prohibit a representation concerning time of performance which has the effect of deceiving buyers in a material respect, we do not believe that the coin! was plainly wrong in not finding a violation of that regulation. See 940 CMR 3:05.
The G.Lc. 93, §48 Claim
The judge found that G.Lc. 93, §48 did not apply to the facts of this case because this section was designed to protect a consumer usually in situations where a salesman or product representative solicits at the home of the consumer. The judge found that the parties had met several times to discuss the construction of the home. The contract ultimately executed was reviewed, amended and discussed at some length before its execution. The judge did not find that the plaintiffs attempted cancellation or rescission. Cases have recognized the impracticability of cancellation in a labor and materials contract Resnic v. Toleas, 56 Mass. App. Dec. 54 (1975); Continental Products, Inc. v. Oliveira, 1978 Mass. App. Div. 330. Part of the contract did contain a notice to the plaintiffs of their ability to rescind or cancel the contract pursuant ho G.Lc. 140C. The only requested ruling at issue on this point is number 13. The judge allowed the request but made no finding of a violation of G.Lc. 93A by the defendant’s failure to include the section 48 cancellation notice form as part of the contract. We find no error.
The report is dismissed.

 Regulations of the Attorney General make it an unfair practice to fail to perform or fulfill an express warranty, an implied warranty of merchantability with respect to the sale of goods, and the implied warranty that goods are fit for a particular purpose. 940 CMR 3:01 and 3:08(2). A failure to perform in a workmanlike manner is not a violation of these regulations since that is not a sale of goods.