*Northern District*

No. 6992

**LORIE LeBLANC, et al**

**v.**

**RICHARD J. EDELSTEIN, et al**

Argued: Feb. 26, 1969   Decided: Mar. 20, 1969

*Present:* Brooks, P. J. Connolly, Yesley, JJ.

Case tried to *Landergan, J,* in the District Court of Southern Essex    No. 2604—1966.

*Brooks, P.J.   This is an action of tort* for the recovery of damages arising out of a collision between a motor vehicle owned by Eva LeBlanc and operated by Lorie LeBlanc, and a motor vehicle owend by Harold Edelstein

and operated by Richard J. Edelstein. Counts 2 and 4 against defendant Harlod Edelstein were waived by plaintiff at the time of trial. The answer was general denial and contributory negligence.

The case was tried with a small claims action #3735 of this court, *Harold Edelstein, d/b/a Edelstein & Sons* v. *Lorie LeBlanc and Eva LeBlanc.*

The court found for defendant Richard J. Edelstein on Counts 1 and 3 and for the plaintiff in the small claims action. There is no appeal before us from the action of the court in the small claims case.

By agreement of the parties at the day of trial, the property damage to the vehicle of plaintiff Eva LeBlanc was $74.01 and the property damage to the vehicle of Harold Edelstein was $78.94. The accident happened June 15, 1966 at approximately 7:30 P.M.

*There was evidence that* Richard Edelstein was operating the car of Harold Edelstein on Central Avenue in Lynn. He stopped first in line at the intersection of Central Avenue and Liberty Street. While so stopped, he noticed a car similar to the LeBlanc car directly behind him. Proceeding down Central Avenue approaching Washington Street, as he was bearing right, he observed the LeBlanc vehicle overtake and pass him on his left. In doing so, it cut in front of him. Edelstein applied the brakes and the LeBlanc vehicle struck the left

front fender of the Edelstein vehicle with its right rear side.

Testimony of Lorie LeBlanc was that he was ahead of the Edelstein vehicle on Central Avenue traveling at a speed of 15 miles per hour. He felt an impact on the right side of his vehicle as he was slowing down, approaching the intersection of Central Avenue and Washington Street. LeBlanc testified that his intention was to bear right down Washington Street. Both vehicles were proceeding at from 10 to 15 miles per hour.

Plaintiff filed requests for rulings which, with the dispositions thereof, follow:

1. Upon the credible material evidence, the plaintiffs are entitled to recover:
   (a) the plaintiff, Lorie LeBlanc was not negligent;
   (b) the plaintiff, Eva LeBlanc was not negligent;
   *Allowed.*
   (c) the defendant, Richard Edelstein was negligent. *I find Richard Edelstein was not negligent but in the exercise of due care.*
2. The evidence does not require a finding for the defendant, Richard Edelstein.
   *Denied. The credible evidence does require a finding for defendant Richard Edelstein.*

3. The evidence is sufficient to warrant a finding for the plaintiff, Lorie Le-Blanc.

4. The evidence is sufficient to warrant a finding for the plaintiff Eva Le-Blanc.

   *Denied. See 2.*

5. Upon the credible material evidence there was a bailment of the automobile of Eva LeBlanc to Lorie LeBlanc.

   *(Sanjean* v. *Hyman,* 302 Mass. 224, 19 N.E. 2d 3; *Devette* v. *Boston Elevated Railway,* 297 Mass. 129; *Kingsbury* v. *Terry,* 300 Mass. 516; *Thompson* v. *Sides,* 275 Mass. 560.)

   *Allowed.*

6. Upon the evidence that the defendant, Richard Edelstein passed the plaintiff's right, the defendant Richard Edelstein is negligent.

Plaintiff claimed to be aggrieved by the denial of his requests ##a, c, 2, 3, and 6.

The issue of fact in this case is: Which car was passing the other car from behind at the time of the collision? There could have been a finding either way depending on whom the court believed. From the court's disposition of plaintiff's requests for rulings, it is clear that the judge believed Edelstein's version of the accident, from which it could fairly be found that the LeBlanc operator was negligent and

the Edelstein operator in the exercise of due care.

■ Considering the court's rulings to which plaintiff claims error ruling *1.a* was correctly denied in view of the finding of negligence on the part of the plaintiff operator. *1.c* was properly denied in view of the court's finding that defendant was not negligent.

■ Request #2 should perhaps have been allowed with the accompanying statement that "but the court does not so find." By the phrase "credible evidence" the court evidently meant "evidence which it believed." On that basis the denial was not inappropriate. It was equivalent to an assertion that the court believed defendant's story.

■ Request #3 should, strictly speaking, have been granted. There was evidence which, if believed, could have warranted a finding for plaintiff.

However, the general finding for defendant Edelstein and the specific rulings which were, in effect, findings of fact as to the negligence of plaintiff's operator and as to the due care of the Edelstein operator, were sufficient to make clear what was in the court's mind in finding for defendant Edelstein. The case of *Bresnick* v. *Heath,* 292 Mass. 293 therefore does not apply. See also *Gustafson* v. *M.T.A.,* 333 Mass. 769. The court at page 770 said:

> "True, the crucial finding in the case was couched in the language of a ruling, but we are satisfied that it was intended

to be a finding of fact. From a reading of the decision of the trial judge, we are satisfied that the finding for the defendant was not due to the application of incorrect principles of law."

The case of *Liberatore* v. *Framingham,* 315 Mass. 538, 544 also has relevance:

"The requested ruling in the actions against the town that were reviewed were rendered moot by specific findings of fact."

█ Request #6 was a finding of fact which could have properly been denied without comment. Instead the court took the opportunity again to make clear that it was finding defendant not negligent.

█ The trial court's findings of due care of plaintiff and negligence of defendant are not to be idsturbed if supportable on any reasonable view of the evidence with all rational inferences of which it is susceptible. *Weiner* v. *Egleston Amusement Co.,* 293 Mass. 83, 86. *Barttro* v. *Watertown Square Theater,* 309 Mass. 223, 224.

█ The credibility of the witnesses is exclusively for the trial judge. *Dolham* v. *Peterson,* 297 Mass. 479, 481.

Report dismissed.

CHAS. D. KELLEY
    for Plaintiff
ALEX BURKE
    for Defendant