*Southern District*

## No. 112

## T. L. EDWARDS, INC.

### v.

## VICTOR G. FIELDS, ET ALS

Argued: July 1, 1975. Decided: December 10, 1975.

Case tried to *Covett, J.,* in the District Court of Brockton.No. 44775.

Present: Lee, P.J., Tamkin, J.

Counsel for plaintiff: Stephen R. Wainwright.

**Tamkin, J.** This is an action of contract to recover $910.00 plus interest, for labor and materials against the defendant Victor G. Fields, the defendant John Trainor, and the defendant Campello Car Wash, Inc.

The defendant Victor G. Fields answered with a general denial, a denial of the existence of the plaintiff corporation (which defendant waived at the trial), and an allegation of *ultra vires.*

The court found for the plaintiff in the sum of $910.00 plus interest and found for the defendant Campello Car Wash, Inc.

A default judgment was entered against the defendant John Trainor.

We summarize the evidence as follows: The plaintiff corporation by one Edwards, its president and treasurer, was contacted by the defendant Trainor in October, 1970. Trainor pointed out to Edwards a location at 1015 Main Street, Brockton, Massachusetts on which a building to be used as a car wash was being constructed at the request of the defendant Fields and certain areas requiring fill and grading. Trainor told Edwards that Fields would be responsible for the bill and to call him.

Edwards talked to Fields on the telephone relative to the proposed work. Fields ordered the work, agreed to the price, and agreed to be personally responsible to pay the bill.

Edwards relied on Fields' representation to pay the bill.

Several weeks after the work was done, Edwards again spoke to Fields on the telephone and requested payment of Fields. Fields replied: "I don't have the money now. It cost me $10,000.00 more than I anticipated. I'll pay you after the business gets going."

Edwards testified that he did not know Fields personally and that nothing has ever been paid on the bill by any of the defendants.

Fields testified that he did not know Edwards and met him for the first time at the hearing in court. Fields further testified that he never talked to Edwards on the telephone for the placement of any work and materials, and further denied ever telling Edwards that he did not have the money but would pay later, or that he spent $10,000.00 more than anticipated.

It was stipulated at the trial by Fields that his only defense to this action was his denial of liability personally and *ultra vires.*

At the close of testimony before argument, the defendant Fields made the following requests for rulings:

1. Upon all the evidence plaintiff has not supported his [its] claim by a preponderance of the evidence.

2. Upon all the evidence the acts of plaintiff as alleged are *ultra vires.*

The court denied defendant's request for rulings.

The following findings of fact were made:

"I find that the defendant Victor G. Fields shortly prior to October 6, 1970 ordered the plaintiff to fill in and grade the back and side area of a car wash facility to prepare the same for blacktopping. I find that the agreed price was $1.35 per cubic yard for fill and that the agreed price was $1.70 per cubic yard for gravel. The agreed charge for the grader and loader was $30.00 per hour. I find that the plaintiff delivered the fill and gravel as requested and completed the grading of the area. I find that the plaintiff has not been paid for his materials and labor."

The defendant Fields claims to be aggrieved by the refusal of the justice to allow request for ruling #1 and request for ruling #2, and that the evidence does not support plaintiff's claim by a preponderance of the evidence and that the acts are *ultra vires.*

We determine that the trial court was not in error.

██ An Appellate Division cannot review questions of fact found by a trial court, but only rulings of law. See *Palma v. Racz,* 302 Mass. 249 (1939). See *Himelfarb v. Novadel Agene Corp.,* 305 Mass. 446, 449 (1940). See *Sullivan v. Mullaney,* 29 Mass. App. Dec. 74, 76 (1966).

██ Findings of fact of trial justice will not be disturbed by an Appellate Division when such findings are supportable on any reasonable view of the evidence with all rational inferences of which it is susceptible. *Mass. v. Old Colony Trust Co.,* 246 Mass. 139, 143 (1923); *Ashapa v. Reed,* 280 Mass. 514, 516-517 (1932); *Weiner v. Egleston Amusement Co.,* 293 Mass. 83, 86 (1935); *O'Toole v. Magoon,* 295 Mass. 527, 529-530 (1936); *Bridges v. Hart,* 302 Mass. 239, 242 (1939); *Barttro v. Watertown Square Theatre, Inc.,* 309 Mass. 223, 224 (1941); *Le Blanc v. Edelstein,* 41 Mass. App. Dec. 27 (1969).

The defendant Field also contends that the acts of the plaintiff are *ultra vires.* We do not agree. An act or contract of a corporation is properly said to be *ultra vires* where it is beyond the powers expressly or impliedly conferred upon the corporation. See *Monument Nat. Bank v. Globe Works,* 101 Mass. 57 (1869). See 19 Am. Jur. 2d Corporations, 441, §963 (1965). Also see Henn, Corporations (2nd ed.), 352, §184, Massachusetts Practice Series Vol. 13A, Peairs, Business Corporation, Chapter 21, §401.

The general rule is that every corporation has the power to make all contracts that are necessary and usual in the course of the business it transacts as a means to enable it to effect such object unless expressly prohibited by law or the provisions of its charter. *Morville v. American Tract Society,* 123 Mass. 129, (1877). Also see 19 Am. Jur. 2d, 456, Corporations, §980, (1965).

The purposes of the plaintiff corporation as set forth in the articles of organization are as follows:

"2. The purposes for which the corporation is formed are as follows:

To make, enter into, perform and carry out contracts for constructing, altering, decorating, maintaining, furnishing, fitting up and improving buildings of every sort and kind; to advance money to and enter

into contracts and arrangements of all kinds with builders, property owners and others; to engage generally in the business of trucking, excavating, hauling, or cartage either for its own account or the account of others, to carry on in all their respective branches the business of builders, contractors, decorators, dealers in stone, brick, timber hardware, and other building materials or requisites; to own, manage, operate, lease, purchase and sell buildings and real estate and generally to transact all business of a similar nature necessary or incidental to the purposes aforesaid; To enter into, make, perform and carry out contracts of every sort and kind, with any person, firm, association, corporation, private, public, or municipal, or body politic, and with the Government of the United States, or any state, territory or colony thereof, or any foreign government;

To do all and everything necessary, suitable, convenient or proper for the accomplishment of any of the purposes, or the attainment of any one or more of the objects herein enumerated, or incidental to the powers herein named, or which shall at any time appear conducive or expedient for the protection or benefit of the corporation, either as holders of or interested in, any property or otherwise; with all the powers now or hereafter conferred upon corporations by Chapter 156B of the General Laws of the Commonwealth of Massachusetts.

". . . charters are construed liberally to determine the existence of questioned powers and there is a presumption that corporate acts are intra vires." Massachusetts Practice Series Vol. 13, Peairs, Business Corporations, Chapter 19, §361, Page 727.

We determine that the acts of the plaintiff Corporation were within the articles of organization and were not ultra vires.

There being no prejudicial error, the report is dismissed as to the defendant Victor G. Fields.