*Southern District*

## No. 127

# BLYE INTERNATIONAL LTD.
## v.
# ALLAN ROBINSON

Argued: March 17, 1976. Decided: August 17, 1976

Case tried to *Hurd, J.,* in the District Court of Northern Norfolk. No. 03566.

Present: Lee, P.J., Rider, Welsh, J.J.

**Welsh, J.** This is an action of contract in which the plaintiff seeks to recover a sum of money claimed as due from the defendant upon a certain written instrument alleged to be a promissory note.

The answer of the defendant was a general denial, plea of payment, the statute of frauds, lack of consideration, and the statute of limitations.

The trial justice found for the plaintiff in the sum of $7404.39 with interest from the date of the writ.

*At the trial of the case,* the court admitted into evidence, over the objection of the defendant, the original of an instrument annexed to the substitute declaration and described in said declaration as a promissory note. The defendant's basis for objection was his contention that the instrument sought to be introduced into evidence was not, as a matter of law, a promissory note and that its admission into evidence constituted a variance between pleading and the proof.

The defendant seasonably filed requests for rulings, and the court acted on the requests as follows:

1. That the document attached to the plaintiff's substitute declaration marked "A" is no as a matter of law a promissory note upon which the plaintiff may maintain this cause of action. *Denied.*

2. That the admission into evidence of the attached document to the plaintiff's substitute declaration marked "A" as a matter of law is at a variance with the plaintiff's pleading and inadmissible. *Denied.*

The court found the following facts:
"The document was admitted not because it was a 'note' as defined in G. L. c. 106, §3-104, it being non-negotiable, but because it clearly sets forth a promise

on the part of the defendant to pay a sum certain without interest to the plaintiff in equal monthly installments commencing on a date certain until paid in full."

"I find that if the document in question is not a 'promissory note,' it does nevertheless set forth all of the basic terms of a 'promissory note' other than negotiability. It is at least a memorandum of a non-negotiable note which has been executed by the parties upon which an action of contract can be brought if either of the parties breaches its terms."

"I find that while it might have been sounder practice for the plaintiff to have moved to amend its declaration to conform to the pleadings by providing a more accurate description of the document annexed to the declaration, it was not such a variance as to cause the plaintiff's action to fail."

The report stated that it contained all of the evidence material to the question reported. The defendant claimed to be aggrieved by the court's denial of requests for rulings 1 and 2. However, the defendant expressly waived his claim of appeal with respect to the court's denial of Request No. 2 during oral argument.

We are of the opinion that the trial justice was correct in refusing to rule that the instrument in question was not a promissory note. The instrument is as follows:

(Blye Letterhead)

" February 3, 1976

Mr. Allan Robinson
152 Albermarle Road
Norwood, Mass.

Dear Mr. Robinson:

As of January 7, 1972, your relationship with Blye International Ltd. has been terminated. As of that day, we both agree that you were indebted to us in the sum of $7,455.72, representing the cost of unreturned samples,

and $288.60, representing the cost of unearned draw received by you.

You have agreed to pay, and we have agreed to accept, the sum of $7,724.39, in full and complete satisfaction of any and all obligations of you to us. This sum will be paid to us in monthly installments of $80.00, commencing with the first day of May 1972, and payable on the first day of each month thereafter until the full indebtedness shall have been completely paid. There shall be no interest on this unpaid balance, provided there is no default in payment. In the event there is a default in payment, then you shall owe us interest computed on the unpaid balance, at the rate of six (6%) per cent per annum. We shall not be required to give any notice of default and no grace period shall be allowed in the event of non payment.

We have this day executed mutual General Releases, excepting therefrom this obligation.

If the foregoing accurately reflects our understanding, please sign the copy of same where provided.

Very truly yours,

BLYE INTERATIONAL LTD.

Accepted & Agreed:
/s/ Allan Robinson
Allan Robinson
/s/ Notary Public"

The letter is not a negotiable instrument within the definition of Chapter 106, §3-104 because it is not payable to order or bearer. Yet it is within the scope of Article 3 of the Code which deals with Commercial Paper, since it does not contain terms precluding its transfer. G.L., c. 106, §3-805. Of course, there can be no holder in due course in such cases.

In any event, negotiability is not an essential element of a promissory note. The Supreme Judicial Court (per Shaw, C. J.), has so held:

". . . Negotiability is not an essential quality of a promissory note. No definition that we are aware of, embraces negotiability as a quality of a promissory note . . ." *Sibley v. Phelps,* 6 Cush. 172, 173 (1850).

The aim of negotiability is to enable one to take title to the instrument without concerning himself as

to the state of accounts between the maker and the payee. *Federal Reserve Bank of Boston v. Gray-United Stores, Inc.,* 290 Mass. 77, 79 (1935). *Forastiere v. Springfield Institution for Savings,* 303 Mass. 101, 103 (1939).

Negotiability has significance only where the parties to the action are other than maker and payee. Compare *Stults v. Silva,* 119 Mass. 137, 139 (1875).

To constitute a valid promissory note, a promise to pay some ascertainable person a definite sum of money at a specified future date must be fairly inferrable from the language used. No particular form of words need be employed. *McDonald v. Hanaban,* 328 Mass. 539, 541 (1952). *Byrne v. Byrne,* 209 Mass. 179 (1911). *Star Brewing Co. v. Higgins,* 248 Mass. 480, 481 (1924).

The instrument declared upon here is clearly more than a mere acknowledgement of indebtedness. The schedule of future payments, accepted and agreed upon by the defendant imparts a definite promise to pay the sums specified at definite future times to the plaintiff. The promise to pay is unconditional and unequivocal.

We therefore hold that the instrument declared upon is a non-negotiable promissory note.

No prejudicial error has been shown by the denial of the requested rulings by the trial justice.

Therefore, let an order enter **dismissing the report.-**