T. L. EDWARDS, INC. *vs.* VICTOR G. FIELDS & others. December 22, 1976. The Appellate Division of the District Courts, Southern District, dismissed a report as to the defendant Fields. The plaintiff corporation had brought an action against Fields, one John Trainor, and Campello Car Wash, Inc., to recover $910.69 plus interest, for labor and materials supplied. Trainor defaulted. Fields requested rulings (1) that on all the evidence the plaintiff has not supported his claim by a preponderance of the evidence, and (2) that on all the evidence the acts of the plaintiff are ultra vires. The trial judge denied the request for these rulings and made findings that Fields had ordered the plaintiff at an

agreed price to fill in and grade the back and side area of a car wash facility to prepare the area for blacktopping. He found that the plaintiff delivered the fill and gravel as requested and completed the grading of the area and had not been paid. The Appellate Division correctly held that it could not review questions of fact found by the trial judge, where such findings are supported "on any reasonable view of the evidence, including all rational inferences of which it was susceptible." *Bowers* v. *Hathaway,* 337 Mass. 88, 89 (1958). *Drain* v. *Brookline Sav. Bank,* 327 Mass. 435, 439 (1951). *Barttro* v. *Watertown Square Theatre, Inc.,* 309 Mass. 223, 224 (1941). *Weiner* v. *Egleston Amusement Co.,* 293 Mass. 83, 86 (1935). Furthermore, the opinion of the Appellate Division sets out the corporate purposes of the plaintiff corporation which, without detailing them, can be said to be sufficiently broad to justify the claim of the plaintiff corporation for the work done. There was no error. The order of the Appellate Division dismissing the report is affirmed.

*So ordered.*

The case was submitted on a brief.
*Victor G. Fields* for the defendant.