Dohoney, J.
This is an action which stems from the sale/>f a single family residence by the defendants to the plaintiff. The plaintiff alleges a breach of warranty contained in the purchase and sale agreement (Count I) and misrepresentation by false statements or half-truths (Count II). The defendants denied any breach or actionable misrepresentation. The case was tried on the issue of liability alone and the trial justice made certain findings of fact and acted- on plaintiffs numerous Requests for Rulings of Law.
*119 The factual background of this case is as follows: In 1978, the defendants were the owners of a house in Longmeadow, Massachusetts, and were desirous of selling it. The plaintiff viewed the premises in May of 1978. The cellar showed a sump pump, cleats on the inside of the door, a one inch cement dam inside the cellar door, and a sump hole. Additionally, the rear yard formed a basin with adjoining typography which occasionally became a pond of water. Conversation ensued about the water in the basement. The Report contains the following evidence about these conversations:
1. The plaintiff indicated an interest in converting the basement into a family room. The defendants represented there would be no problem.
2. The plaintiff inquired about what water problems had been encountered. The defendants responded by saying that since the sump pump had been installed, there was no problem inasmuch as the dam controlled whatever water may have seeped through the door, which occurences were both minor and infrequent.
3. The plaintiff inquired about the water problem by backing away from the door at one foot intervals and asking whether the water had ever reached that point. The defendants responded no to each question and again recited that there was no water problem.
4. In response to a question as to the cause of the water problem, the defendant Bernd Oster said that it was caused by the melting snow and ice against the door and that it could be eliminated by shoveling.
5. The defendants represented that the only water problem they had experienced was seepage or oozing through the sides of the door and that, since the installation of the sump pump, all water had been contained by the dam.
The report contains evidence that
1. The defendants did not tell the plaintiff when the sump pump was installed or about any prior history of water problems.
2. The defendants did tell the plaintiff that in 1977 the water in the basement reached one foot.
3. The defendants did not tell the plaintiff that there were several instances where they sought municipal assistance in pumping water.
4. The defendants “did not tell everything”, as testified by the defendant Bernd Oster.
The parties entered into a purchase and sale agreement which provided in part:
Seller warrants that the only water problems that has occured in the cellar has been water seepage through cellar doorway.
The transaction was closed. In January of 1979, there was a flood in the basement.
The plaintiff appeals from action of the trial justice I. in denying or declining to rule on her Requests for Findings of Fact, II. in denying certain specified Rulings of Law, and III. contends that the trial justice erred on his subsidiary Finding of Fact.
I. Declining to Rule on Requests for Findings of Fact:
With respect to the failure of the trial justice to act on plaintiff’s Request for Findings of Fact, there is no obligation on the part of the trial justice to act on them. Steela v. Curtis, 348 Mass. 458 (1965).
II. Denying Certain Requests for Rulings of Law:
A. Requests for Rulings of Law, No. 2 and No. 18 relate to alleged *120 misrepresentations as to the nature of the water problem. The trial justice denied each of these “as contrary to the facts found.”
Our standard of review prevents us from reviewing questions of fact found by the trial justice where such findings are supported on any reasonable view of the evidence including all rational inferences of which it was susceptible. T.L. Edwards, Inc. v. Fields, 57 Mass. App. Dec. 22 (1975), affirmed 371 Mass. 895 (1976); Lawton v. Dracousis, 14 Mass. App. Ct. 164 (1982), further appellate review denied, 387 Mass. 1103.
Here the trial judge took a view and was in a position to observe and pass upon the credibility of the witness. While there was certainly evidence to the contrary, we cannot say that his findings cannot be supported on a reasonable view of the evidence. Where Requests for Rulings are based on facts contrary to the fact findings of the trial justice, there is no error in their denial, Wood v. Spedoni, 328 Mass. 483 (1952).
The only requested ruling dealing with the precise issue of misrepresentation is No. 2.
Plaintiff has Requested Ruling as follows:
As a matter of law, where the defendants made a representation that the only problem with water in the subject premises basement was occasional seepage and as it has been shown, the defendants in fact had substantial water damage over the years, the same must be construed as a material misrepresentation of an existing fact and that such misrepresentation was made by the defendants to induce the sale of the subject real estate. See Cotton, et al v. Rovelli, et al, (Housing Court of Hampden County, LE-1803-S-81) annexed hereto as Exhibit “A”.
The trial justice denied the Request as “contrary to the facts found.” The trial justice specifically found that “Any water that entered the cellar during the ownership of all parties did so by ‘seeping’ through the small opening around the cellar door, the doorjamb, or underneath the sill.”
This ruling, therefore, seeks a distinction between a representation of “occasional seepage” and “substantial water damage over the years” and suggests that this distinction results in a material misrepresentation. We cannot say under the facts of this case there is a significant difference between “occasional seepage” and “substantial water damage over the years”. There are two aspects to discuss. First, as to the frequency, the evidence recited in the report mentions the word “several” but specifically refers to only a limited number of instances. There is no real distinction in terms of time between saying “occasional” and “over the years.” Secondly, as to the distinction between “seepage” and “substantial water damage”, we see no material distinction. In fact, there was no evidence whatsoever as to damage to the cellar. While there is reference in the Report to purported testimony of “flowing” water, it is clear that “seepage” includes in its definition the process of “flow”. This was recognized by the trial justice.
Consequently, we are satisfied that whatever distinction (if any) exists between “occasional seepage” and “substantial water damage over the years” does not amount to a material misrepresentation.
B. With respect to the denial of certain Requests for Rulings of Law No. 9 and No. 10, these relate to the role that the alleged misrepresentations played in the decision of the plaintiff to purchase the premises. The trial justices denied each of these “as contrary to the facts found”. It appears that this denial was based upon the judgment of the trial justice that there was no misrepresentation. *121 It is this judgment that we are unwilling to disturb, and thus his actions of Rulings No. 9 and 10 are correct.
C. With respect to the denial of certain Requests for Rulings of Law No. 13,14, 15 and 16, these relate the measure of damages to be assessed. Since the case was tried on the issue of liability alone, these are immaterial,
ill. Errors on Subsidiary Findings of Fact:
With respect to the contention that the trial justice erred on his Subsidiary F. ndings of Fact, an Appellate Division cannot review questions of fact found oy a trial justice when such findings are supportable on any reasonable view of the evidence with all rational inferences of which it is susceptible. See T.L. Edwards, Inc. v. Fields, 57 Mass. App. Dec. 22 (1975), affirmed 371 Mass. 895 (1976). Moreover, the only manner in which an issue as to findings of fact can be raised is to request a ruling and ask for a report. See Reid v. Doherty, 273 Mass. 388 (1930). Here we have no request for ruling relating to any specific fact upon which we can focus to determine if it is supportable.
IV. There being no error, t1'0 Report is Dismissed.