Bakas, J.
The instant case isbefore us as a result of a hearing béfore a single justice of the Appellate Division who allowed the plaintiffs petition to establish a report pursuant to Dist./Mun. Cts. R. Civ. P., Rule 64 (e).
The central issue presented by the report challenges the power of the trial judge to correct or clarify his own unsolicited or gratuitous language which had the obvious and unintended legal effect of contradicting his own finding(s) for the defendant.
Essentially, the case was tried on March 2,1987, and, thereafter, on the same day, over the signature of the trial judge he indicated his findings to be as follows:
“. . . In the above action the court finds for the defendant,each of the parties having been equally at fault. ...” > •
The entry and notice of judgment on the findings indicating judgment for the defendant was docketed by the clerkthe following day, namely, March 3,1987, pursuant to the provisions of Dist./Mun. Cts. R. Civ. P., Rule 58 (a) and the parties were so notified in accordance with the provisions of Dist./Mun. Cts. R. Civ. P., Rule 77 (d). It should be noted that the judgment for the defendant was clear and unambiguous.
Thereafter,on Marchl8,1987,after a hearing, motion(s) by the plaintiff to amend the judgment per Dist./Mun. Cts. R.Civ. P., Rule 52 (b), for new trial per Dist./Mun. Cts. R. Civ. P., Rule 59 (a) and to .alter or amend the'judgment per Dist./Mun. Cts. R. Civ. P., Rule 59 (e) were denied; and, at the same hearing the defendant’s motion to amend the judgment (by finding the plaintiff more negligent than the defendant) was allowed . .. and, the trial judge made the following entry on the defendant’s motion: - >
“. .. the court made clear that the finding was for defendant, the photo having made clear that plaintiffs operation caused the accident....”
The thrust of the plaintiffs motions was intended to compel or persuade the court to change its judgment for the defendant, to that of a judgment for the plaintiff, on the strength of the trial judge’s unsolicited explanatory language incident to his findings as hereinabove set forth and underscored. The plaintiff correctly states the principle of law relative to the matter of comparative negligence under G.L. c.231, §85 .. . namely, where two parties are equally at fault, the plaintiff has a right to recover 50 percent of the proven damages. And, if the trial judge intended what the plaintiff asserts, then the plaintiff should prevail.
*40 However, the report clearly indicates that the trial judge found for the defendant as evinced by the untainted judgment for the defendant. Further, to the extent that the finding for the defendant was caused to be ambiguous or contradicted by the trial judge’s explanatory language, the issue was resolved by him in no uncertain terms on the date of the hearing as hereinabove set forth.
In substance the trial judge clarified his intention of finding for the defendant and we are not persuaded to compel a contrary result on the basis of unsolicited or gratuitous language that would create a result unintended by the judge.
We conclude that the trial judge had the power ... indeed the duty, to correct or clarify ambiguous or mistaken language authored by him and which tended to contradict what was otherwise a distinct judgment. And, that this power/duty is not only rooted in Dist./Mun. Cts. R. Civ. P., Rules 60 (a), 60 (b) and 59 (e) ... but, that, it is fundamental to the task of judging.
For the reasons stated we find no error by the trial judge and order the report dismissed. The judgment for the defendant is affirmed.