Hurley, J.
The plaintiffs sued the defendant to recover for damages for breach of contract for the construction of a house. The complaint contained three counts: breach of contract, G.L. c.93 § 48, and G.L. c. 93A. The defendant answered and counterclaimed alleging that he had not been fully paid for the building of the house. After trial and the filing of a comprehensive “Statement of Proceedings”, the trial judge found for the plaintiffs on the contract claim and for the defendant on the other claims. The trial judge found for the defendant on the counterclaim. Judgment entered on December 17,1986, and notices were sent on that date. The plaintiffs filed a motion for new trial on the two claims on which they had not prevailed. This motion was filed on January 2,1987. The plaintiffs’ request for report and draft report as to counts II and III were filed on January 16,1987. The trial judge denied the motion for new trial on March 26,1987. On April 10,1987, the trial judge dismissed the request *41 for report and draft report for failure to comply with Dist./Mun. Cts. R. Civ. P., Rule 64(c) (1) (i). On April 15,1987, the plaintiffs filed a petition to establish report and a request for report and draft report directed to the April 10,1987 order dismissing the request for report and draft report. We affirm the trial judge.
Dis./Mun. Cts. R. Civ. P., Rule 59(b) requires that a motion for new trial be served “not later than 10 days after the entry of judgment”. The trial judge found that the filing of the motion for new trial occurred more than ten days after the entry of judgment. The motion for new trial is not timely unless it has been served on each of the other parties within ten days after the entry of judgment. The motion is not required to be filed within the ten day period. Dis./Mun. Cts. R. Civ. P., Rule 5(d) provides that the motion be filed with the court either before service or within five days thereafter. The burden is upon the moving party to establish on the record that the motion for new trial was timely served. See Albano v. Bonanza International Development Co., 5 Mass. App. Ct. 692, 693-694 (1977).
There was ample evidence before the trial judge that the motion for new trial was served December 30,1986 since that date appeared as the postmark on the envelope mailing the motion for new trial. This date is beyond the ten day limit. We do not determine that the trial judge’s finding on the issue was unwarranted as a matter of law. Edwards v. Fields (1975) 57 Mass. App. Dec. 22, 24 (1975) aff’d 371 Mass. 895 (1976). Since the motion for new trial was filed on January 2,1987, the filing was timely under Rule 5(d).
Dis./Mun. Cts. R. Civ. P., Rule 64(c) requires that a request for report and draft report be filed within ten days after the entry of judgment. In this case, December 27,1986 is the tenth day. Since December 27,1986 fell on a Sunday, the time expired on December 28, 1986. No request to extend the time was received by the court. Rule 64 (c) (1) (iii) provides an exception to the ten day filing rule when a timely motion for new trial under Rule 59(a) is filed. A Rule 59(a) motion which is timely served and filed terminates the running of the ten day period until an order is entered denying such a motion. Pilgrim Pools, Inc. v. Perry 1979 Mass. App. Div. 455, 457-458. The ten day period then commences.
Since the motion for new trial was not timely served, it was not a “timely” motion as provided in Dis./Mun. Cts. R. Civ. P., Rule 64(c) (1) (iii) and the running of the ten day period was not terminated. The trial judge was correct. The report is dismissed and the petition to establish is denied.