Donovan, J.
The plaintiff (hereinafter “Saunders”) and the corporate defendant (hereinafter “SIS”) executed a commercial lease (hereinafter “the lease”), (Exhibit 1) for premises at the Boston Park Plaza with a twenty-four (24) month term commencing February 1, 1985. Defendant Gregory W. Wallace (hereinafter “Wallace”) executed a.written guaranty of the obligation of SIS under the lease (Exhibit 1).
The lease (Article 14.24) contained a provision providing for the automatic extension of the lease from year to year unless either of one of the parties notified the other by registered mail or hand delivery at least ninety (90) days prior to the expiration of the term, or any extension thereof of its decision to terminate the lease as of the then applicable expiration date.
By the terms of the lease, SIS was to pay $2,700.00 as rent in advance per month for each month from February 1,1985 through January 31,1986 and $2,850.00 per month for each month from February 1,1986 through January 31, 1987.
In addition, Article 13.2 of the lease provided that the defendant shall indemnify the plaintiff against all loss of rent, taxes, costs and expenses including reasonable attorney’s fees, which the plaintiff may incur by termination of the lease during the term of the lease.
Saunders brought suit to recover unpaid rent in the amount of $18,180.00 for the period from January 1, 1987 through June 30, 1987 at the rate of $2,850.00 per month, plus $180.00 per month due for electricity charges and reasonable attorney’s fees under the lease dated December 21,1984 for office space under the lease executed by SIS and guaranteed by Wallace.
After trial, the court, found in favor of the plaintiff in the amount of $2,875.00 plus a miscellaneous charge and attorney’s fees but found that defendant was not liable for any rent after February 1, 1987 because the defendant had terminated the lease in accordance with its terms.
At the trial, there was evidence tending to show the following:
Defendant conducted a computer services business from the premises. During the course of the tenancy of the lease, problems arose with the conditions of the premises, including the permeation of undesirable odors into the premises from a restaurant on the ground floor of the building and an inconsistency in the operation of the air:conditioning and heating of the premises. Both parties made numerous efforts to resolve these problems. Phone calls and correspondence regarding the problems were exchanged *102 between the parties (Exhibits 6, 7, 8 and 11). These efforts failed to satisfy Wallace, president of SIS.
As a result, the defendant notified plaintiff that defendant lessee would not renew the lease following expiration of the term unless certain specific conditions were met. (Exhibits 11 and 12) Exhibit 12 considered alone, but particularly in the context of the numerous and lengthy negotiations between the parties' over conditions of the premises, constitutes timely notice of defendant’s desire to terminate the lease as of the then applicable expiration date, was delivered in the ordinary course of business at least three months (90 days) prior to the expiration of the lease term. (Article 14.24 of the lease [Exhibit 1]).
The court found, however, that defendant breached the lease by failing to pay rent for the month January 1-31,1987. That breach entitles plaintiff to $2,850.00 rent plus reasonable attorney’s fees.
Plaintiff also sought damages for unpaid rent for the lease year February 1, 1987 through June 30,1987 which period represented the five (5) months of the extended lease term per the provision of Article 14.24 of the lease (Exhibit 1). The court found that since the defendant cancelled the lease in a timely manner in accordance with lease terms no damages would be awarded to plaintiff on this claim. We agree.
The central issue presented by the report is whether or not the letter of October 6, 1986 sent by defendant to plaintiff (Exhibit 12) was sufficient notice to terminate the lease in accordance with the lease terms. (Article 14.24 of the lease Exhibit 1).
It is settled that where a lease prescribes the kind of notice that must be given in order to exercise an option to extend or renew, that notice must be complied with strictly. Stone v. St. Louis Stamping Co., 155 Mass. 267, 270 (1892); Bickford v. Dillon, 321 Mass. 82, 84 (1947); Donovan Motor Car Company v. Niles, 246 Mass. 106, 107 (1923). However, we do not believe there must be blind adherence to unrealistic, and excessive technical structures that obscure and/or render meaningless the common sense, practical true intent of a party as expressed in plain language (Exhibit 12).
This letter (Exhibit 12) was not a single, one time, isolated instance, but the last of a long course of phone calls and correspondence regarding the problems relating to the leased premises, between the parties.
All the relevant facts and circumstances covering the term of the tenancy of the premises indicate that the unequivocal intent of the defendant in its letter of October 6,1986 (Exhibit 12) was that the lease would end if certain work was not done by plaintiff. It was not, thus the letter by the defendant served as notification to the plaintiff that the lease was terminated in accordance with the terms thereof (Article 14, 24 of the lease Exhibit 1). Every contract and presumable acts in breach or performance thereof, must be interpreted in light of all material facts, Clark v. State Street Trust Co., 270 Mass. 140, 152 (1930); R.H. White Co. v. Remick & Co., 198 Mass. 37, 49 (1908).
Plaintiff contends that defendant must prove that notice was received in order to sustain its burden of proof on the issue. Evidence of delivery of notice is prima facie evidence of receipt thus fulfilling defendant’s burden of proof. It is well settled that a letter properly addressed and mailed, postage pre-paid, is prima facie evidence of delivery and thereby receipt in the ordinary course of the mail. Farrell Plumbing & Heating Co. v. Klayman, 302 Mass. 508, 509-10 (1939); Korey v. Sheff, 3 Mass. App. Ct. 266, 268 (1975).
In the case of hand delivery, evidence if believed must be given greater *103 weight as the transmission of notice is not subject to the uncertainties of the United States Postal Service.
It is equally well settled that prima facie evidence retains its “legal force and compelling”.. .“until new evidence appears that warrants finding to the contrary.” Cook v. Farm Service Stores, Inc., 301 Mass. 564. 566 (1938); Malloy v. Coldwater Seafood Corp., 338 Mass. 554, 564-656 (1959).
Prima facie evidence shifts the burden of production to the opponent. Cook v. Farm Service Stores, Inc., supra, at 566; Universal C.I.T. Credit Corp. v. Nagel, 347 Mass. 119, 125 (1964). In the instant case there was evidence of delivery, thus shifting the burden of production to the plaintiff.
The contrary evidence presented by plaintiff failed to persuade the trial judge.
The trial judge on the evidence before the court, found that the letter of October 6,1986 (Exhibit 12) was sufficient notice of termination of the lease in accordance with the terms of the lease (Article 14.24 of the Lease Exhibit 1) and that terminated the lease. The findings of the trialjudge are to be given deference and the judgment of the Appellate Court will not be substituted for that of trial court.
It is not the function of the Appellate Division to rehear the facts but to review rulings of law. Furthermore, the facts found by the trialjudge “shall not be set aside unless clearly erroneous and due regard shall be given to the opportunity of the trial court to judge the credibility of witnesses.” Dist./Mun. Cts. R. Civ. P., Rule 52(a). The findings of fact of a trial justice will not be disturbed by an Appellate Division when the findings are supported by any reasonable view of the evidence, with all rational inferences of which it is susceptible, even if that evidence is contradicted. T.L. Edward, Inc. v. Fields, et als, 57 Mass. App. Dec. 22, 25 (1975), aff'd. 371 Mass. 895, 896; Mass. v. Old Colony Trust Co., 246 Mass. 139, 143 (1923); Kahn v. house, 59 Mass. App. Dec. 54, 58, 59 (1975).
Defendant produced evidence supporting the trial judge’s findings. Those findings shall not be disturbed.
It is clear that the plaintiff has failed to present any question of law for our review. There was no error in the judge’s actions regarding the request for rulings.
We find no error by the trialjudge. The action of the trialjudge is affirmed and the report is hereby dismissed.
Report dismissed.