Beattie, J.
In this case, the plaintiff partnership brought suit against the defendant for payment of accounting services for the fiscal years 1983-1986. Count I of plaintiff s complaint seeks payment for the 1983 and 1984 fiscal years. Count II seeks payment for the 1985 and 1986 fiscal years. The trial court found that plaintiff had received full payment for its services for the fiscal years 1983,1984 and 1985 and found for the plaintiff on Count II in the amount of $2,650.00 for the fiscal year 1986.
At the trial, there was testimony by Andrew Maglione, Jr. that a conversation occurred between him and Mr. Hurwitz in which Mr. Hurwitz made the statement, “I hate to bring this up, but 1986 is still owed; $2,000.00 in cash will be fine. Your father did it like that.” Mr. Hurwitz denied that the conversation took place and presented a different version of the facts supporting his claim.
The trial court judge stated in the Report of the case: “I chose to believe Mr. Maglione, Jr.’s testimony as to said conversation.” (Rep. p. 4)
Rule 52 (a) of the Dist./Mun. Court Rules of Civil Procedure provided, in part, that “Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses.” Stated another way, the Appellate Court should not review findings of fact by the trial *89 judge where the findings are supported “on any reasonable view of the evidence, including rational inferences of which [the evidence] was susceptible.” T.L. Edwards, Inc. v. Victor G. Fields, 371 Mass. 895 (1976).
The Appellate Division sees no reason to stray from that sound logic in this case. The decision of the trial court is affirmed.