Aguiar, J.
This appeal raises the issue of whether the Court erred in ordering that an incomplete “first draft” of its findings of fact and rulings of law be stricken from the record, where that draft was inadvertently attached to the back of the final decision.
We find there is no error.
This is an action in tort brought by the plaintiff to recover for personal injuries and other damages which she suffered when a spring loaded shower curtain rod, which she was trying to extend, came apart and a section of the rod was propelled into her chest. The plaintiff has alleged that the shower curtain rod was dangerous and defective, and that it was manufactured and distributed by the defendant.
The District Court’s findings of fact and rulings of law stated that plaintiff “did not, as a matter of law, prove the identity of the manufacturer” of the “multipurpose tension rod,” which allegedly caused her injuries. Inadvertently attached to the findings was a preliminary, incomplete draft which was, in some respects, at odds with the findings themselves. The District Court entered judgment in favor of the defendant on October 24,1996.
On November 13, 1996, plaintiff filed a motion seeking to amend the judgment and requesting a new trial on the issue of damages. Plaintiff argued to the Court that there were two inconsistent sets of findings made by the Court The only source of evidence on the identity of the manufacturer of the shower curtain rod was a deposition of Bruce McDermott, the manager of Brookline NHD, the hardware store that allegedly sold the shower curtain rod to the plaintiff, which stated, “it is highly unlikely, but remotely possible, that the Brookline NHD sold plaintiff a tension rod acquired at a closeout and manufactured by someone other than the defendant”
On November 19, 1996, the District Court denied the motion and struck the notes from the record, stating: “the last two pages of the findings were a first draft. *184 They were included by inadvertence — clerical error. They are stricken from the record.” Defendant appealed.
Regarding the identity of the manufacturer of the tension rod, the trial judge’s findings of fact state as follows: “the Court makes not [sic] additional findings of fact with respect to the identity of the manufacturer since all additional evidence relating thereto is contained in the deposition of Brian McDermott. Relief is denied plaintiff on the sole ground that plaintiff did not, as a matter of law, prove the identity of the manufacturer.”
There is no error.
This is not a case in which the District Court issued findings of fact which were inconsistent with one another or with the ultimate finding or liability. To the contrary, the District Court’s findings of fact are perfectly clear and consistent. The only error which occurred was a minor, purely clerical one: a preliminary and incomplete “first draft” was inadvertently attached to the copy of the findings which was forwarded to the parties.
The striking of the extraneous notes was accomplished pursuant to Rule 60(a) of the Massachusetts Rules of Civil Procedure, which states, in relevant part: “clerical mistakes in judgments, orders or other parts of the record and error therein arising from any oversight or omission may be corrected by the Court at any time of its own initiative or on the motion of any party and after such notice, if any, as the Court orders.”
Where there is an ambiguity or inconsistency in the trial judge’s findings, “the trial judge has the power — indeed the duty, to correct or clarify ambiguous or mistaken language authored by him and which tends to contradict what is otherwise a distinct judgment” Bababekov v. Feldman, 1988 Mass. App. Div. 39, 40 (1988).
A trial judge’s findings of fact are entitled to great deference, such that “the Appellate Court should not review findings of fact by the trial judge where the findings are supported on any reasonable view of the evidence, including rational inferences of which the evidence was susceptible. Hurwitz v. Helen’s Bakery, Inc., 1992 Mass. App. Div. 88, 88-89 (1992), quoting T.L. Edwards, Inc. v. Fields, 371 Mass. 895 (1976).
For all of the above reasons, the appeal is dismissed.